NEW COMMUNITY SENIOR CITIZEN HOUSING CORPORATION, A NEW JERSEY CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5190–78X.     Filed May 21, 1979.

------

*Peter C. Aslanides, John B. Brescher, Jr.,* and *Robert S. Scavone,* for the petitioner.

*Marc A. Feller,* for the respondent.

OPINION

WILES, *Judge:* This matter is before the Court on respondent's "Motion to Dismiss for Lack of Jurisdiction" filed July 17, 1978. Respondent contends that no "determination" as set forth in section 7428(a)(1)[1] was made with respect to petitioner's continuing qualification as a section 501(c)(3) organization. As a result, he asserts this Court lacks jurisdiction as prescribed in Rule 210(c)(1), Tax Court Rules of Practice and Procedure.[2]

Petitioner is a New Jersey corporation with its principal office in Newark, N.J. It was incorporated on October 6, 1976. On December 1, 1976, respondent issued a determination letter to petitioner qualifying it as an organization described in section 501(c)(3) which is exempt from taxation under section 501(a).

On August 3, 1977, petitioner requested a ruling from respondent as to whether certain proposed transactions would jeopardize its continuing qualification as a section 501(c)(3) organization. On February 17, 1978, respondent issued a ruling that one of the proposed transactions would jeopardize petitioner's tax-exempt status.

On May 17, 1978, petitioner filed its petition herein seeking our review under section 7428(a)(1)(A) of respondent's ruling that the proposed transaction would jeopardize its tax-exempt status. On July 28, 1978, prior to the hearing on respondent's motion, petitioner notified the District Director, Newark, N.J., that on August 29, 1977, it had in fact completed the proposed transaction which respondent indicated would jeopardize its tax-exempt status. At the time of the hearing on respondent's motion, respondent had not revoked petitioner's status as a

---

[1]Statutory references are to the Internal Revenue Code of 1954, as amended.

[2]References to our Tax Court Rules of Practice and Procedure are to our amended Rules effective May 1, 1979; however, the substance, form, and content of the Rules referenced herein appear in a different numbering order in our amended Rules effective July 1, 1977, 68 T.C. 1031.

section 501(c)(3) organization exempt from tax under section 501(a).

The precise issue herein is whether respondent's ruling letter that a proposed transaction would jeopardize petitioner's tax-exempt status constitutes a "determination" within the meaning of section 7428(a)(1). If not, we clearly lack jurisdiction under Rule 210(c)(1), Tax Court Rules of Practice and Procedure.

Section 7428(a)(1)(A)[3] provides that in a case of actual controversy involving a "determination" by the Secretary with respect to the initial or continuing qualification of a section 501(c)(3) organization, we may make a declaration with respect to such qualification. Rule 210(c)(1), Tax Court Rules of Practice and Procedure, provides that one of the jurisdictional requirements of a section 7428 action is that: "The Commissioner has issued a notice of determination, or has been requested to make a determination and failed to do so for a period of at least 270 days * * * after the request for such determination was made."

In the case of an organization which has previously obtained respondent's determination that it is an organization described in section 501(c)(3), these quoted provisions quite clearly limit our jurisdiction under section 7428 to situations where respondent has made a "determination" with respect to the organization's continuing qualification as a section 501(c)(3) organization. Unfortunately, the statute does not offer a definition of a "determination" and respondent has not yet promulgated regulations. Our review of the legislative history and our Tax Court Rules of Practice and Procedure, however, convince us that

---

[3]SEC. 7428. DECLARATORY JUDGMENTS RELATING TO STATUS AND CLASSIFICATION OF ORGANIZATIONS UNDER SECTION 501(c)(3), ETC.

(a) CREATION OF REMEDY.—In a case of actual controversy involving—

(1) a determination by the Secretary—

(A) with respect to the initial qualification or continuing qualification of an organization as an organization described in section 501(c)(3) which is exempt from tax under section 501(a) or as an organization described in section 170(c)(2),

(B) with respect to the initial classification or continuing classification of an organization as a private foundation (as defined in section 509(a)), or

(C) with respect to the initial classification or continuing classification of an organization as a private operating foundation (as defined in section 4942(j)(3)), or

(2) a failure by the Secretary to make a determination with respect to an issue referred to in paragraph (1),

upon the filing of an appropriate pleading, the United States Tax Court, the United States Court of Claims, or the district court of the United States for the District of Columbia may make a declaration with respect to such initial qualification or continuing qualification or with respect to such initial classification or continuing classification. Any such declaration shall have the force and effect of a decision of the Tax Court or a final judgment or decree of the district court or the Court of Claims, as the case may be, and shall be reviewable as such.

section 7428 is designed to provide a review only of respondent's final determinations affecting the tax qualification of a section 501(c)(3) organization. As a result, for the reasons set forth below, we find that it does not provide for judicial review of respondent's ruling letter regarding petitioner's proposed transactions.

First, our review of the legislative history reveals that in enacting section 7428, Congress was primarily concerned that a taxpayer have judicial review of respondent's determination that it is not exempt from tax:

> In order to provide an effective appeal from an Internal Revenue Service *determination that an organization is not exempt from tax*, or is not an eligible donee for charitable contributions, * * * it has been urged that there be access to the courts through some declaratory judgment procedure.
>
> &ast;    &ast;    &ast;    &ast;  ·  &ast;    &ast;    &ast;
>
> In connection with this, and as an aid to proper oversight and to future decision-making in this area, the committee intends that the Internal Revenue Service report annually to the tax-writing committees of the Congress on the Service's activities with regard to organizations exempt under section 501(a), including the following: * * * (3) the number of organizations whose *prior favorable ruling letters were revoked*, * * * [S. Rept. 94–938, 94th Cong., 2d Sess. (1976), 1976–3 C.B. (Vol. 3) 49, 625; H. Rept. 94–658, 94th Cong., 1st Sess. (1975), 1976–3 C.B. (Vol. 2) 701, 976–977.]
>
> [Emphasis added.]

A reasonable reading of the quoted provisions indicates that Congress intended to limit declaratory judgment proceedings to issues involving the initial or continuing tax-exempt qualification of the organization.

Second, an expressed congressional purpose for the enactment of section 7428 was to provide prompt judicial review for organizations faced with the respondent's withdrawal of advance assurance of deductibility of contributions. Congress reasoned that, absent legislative relief, the effect of *Bob Jones University v. Simon*, 416 U.S. 725 (1974), and *Alexander v. "Americans United" Inc.*, 416 U.S. 752 (1974), would be to preclude judicial review of an organization's tax-exempt status except in the context of a suit to redetermine a tax deficiency or to determine eligibility for a refund of taxes. S. Rept. 94–938, 94th Cong., 2d Sess. (1976), 1976–3 C.B. (Vol. 3) 49, 624; H. Rept. 94–658, 94th Cong., 1st Sess. (1975), 1976–3 C.B. (Vol. 2) 701, 975. This concern was further expressed in section 7428(c) which allows deductions, under limited circumstances, for contribu-

tions made to the organization while the judicial proceedings are pending.

The evil associated with a revocation of tax-exempt status—a loss of a deduction for contributions to the organization—is simply not present in this case. Petitioner's continuing qualification as a section 501(c)(3) organization had not been revoked at the time of the hearing on this motion. Contributions to it are still deductible. Petitioner does not need the protection of section 7428(c). There is no need for the section 7428(c) statutory guarantee of deduction for contributions when the organization's current tax-exempt status has not been revoked.

Third, we believe petitioner's action is premature since respondent has not spoken finally with regard to petitioner's status. We recognize the likelihood that respondent may in fact eventually revoke petitioner's tax-exempt status. Although such a revocation would be consistent with respondent's ruling, the ruling itself does not state that revocation will definitely follow. It merely states that completion of the proposed transaction would jeopardize petitioner's status. As such, we believe it premature and unnecessary to review respondent's tentative position. When and if respondent in fact revokes petitoner's tax-exempt status and petitioner exhausts his administrative remedies under section 7428(b)(2), we will accept jurisdiction to review respondent's revocation determination if the other jurisdictional prerequisites are satisfied. See Rule 210(c), Tax Court Rules of Practice and Procedure. In short, our decision will not preclude petitioner having its day in Court at some later date when and if the requirements of section 7428 are present.

Finally, Rule 210(b)(8)(iv), Tax Court Rules of Practice and Procedure provides that a "determination" means: "A determination with respect to the * * * continuing qualification of an organization as an exempt organization." Rule 210(b)(9) defines a "revocation" as: "a determination * * * that an organization, previously qualified as an exempt organization * * * , is no longer qualified or classified as such an organization." Although these definitions admittedly do not define "determination" to specifically exclude the result sought by petitioner, they do provide that a revocation is a specific type of a determination.

Petitioner directs our attention to section 7477(b)(3) and section 301.7477–1(a)(3), Proced. & Admin. Regs., which permit judicial review of respondent's determination of a proposed

exchange under section 367(a)(1) if the exchange begins before the petition is filed. Petitioner argues that since it completed its transaction before it filed its petition, it should be accorded similar treatment under section 7428. The short answer to this contention is that Congress expressly provided for such relief under section 7477. If Congress desired to specify similar relief for review of rulings of proposed transactions under section 7428, it could have included a similar provision—particularly since sections 7428 and 7477 were enacted at the same time.

The persuasiveness of petitioner's section 7477 analogy is also hindered by the advance ruling requirement of section 367 for tax-free treatment of the exchange. Section 7477 was in part enacted because of the section 367 advance ruling requirement. S. Rept. 94-938, 94th Cong., 2d Sess. (1976), 1976-3 C.B. (Vol. 3) 49, 301; H. Rept. 94-658, 94th Cong., 1st Sess. (1975), 1976-3 C.B. (Vol. 2) 701, 932. No such advance ruling requirement exists under section 7428 thereby diminishing the need for judicial review of proposed transactions.

On the basis of the record before us, we hold that respondent's ruling letter that a proposed transaction would jeopardize petitioner's tax-exempt status is not a "determination" within the meaning of section 7428(a)(1). Accordingly, respondent's motion is granted and—

> *An appropriate order of dismissal will be entered.*