URANTIA FOUNDATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2480–81X.    Filed August 27, 1981.

*John F. Beggan* and *Quin R. Frazer*, for the petitioner.
*Carolyn A. Boyer* and *Virginia C. Schmid*, for the respondent.

### OPINION

SIMPSON, *Judge*: This is an action for declaratory judgment under section 7428 of the Internal Revenue Code of 1954.[1] We have before us at this time the Commissioner's motion to dismiss for lack of jurisdiction. The petitioner has filed an objection to the motion, and a hearing was held on the matter.

The petitioner, Urantia Foundation, is a trust with its principal offices in Chicago, Ill. Its charitable purpose is to publish and sell *The Urantia Book*, a religious-philosophical work.

In 1959, the Internal Revenue Service determined that the petitioner was a tax-exempt organization described in section 501(c)(3), and in 1970, the IRS determined that the petitioner was not a private foundation because it met the public support test set forth in section 509(a)(2)(A). Such section states in relevant part:

(a) GENERAL RULE.—For purposes of this title, the term "private foundation" means a domestic or foreign organization described in section 501(c)(3) other than—

\*     \*     \*     \*     \*     \*     \*

(2) an organization which—
    (A) normally receives more than one-third of its support in each taxable year from any combination of—

\*     \*     \*     \*     \*     \*     \*

    (ii) gross receipts from admissions, sales of merchandise, performance of services, or furnishing of facilities, in an activity which is not an unrelated trade or business (within the meaning of section 513), not including such receipts from any person, or from any bureau or similar agency of a governmental unit (as described in section 170(c)(1)), in any taxable year to the extent such receipts exceed the

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.

greater of $5,000 or 1 percent of the organization's support in such taxable year,

from persons other than disqualified persons (as defined in section 4946) with respect to the organization, from governmental units described in section 170(c)(1), or from organizations described in section 170(b)(1)(A) (other than in clauses (vii) and (viii)) * * *

On May 8, 1980, the petitioner requested from the IRS a ruling that when the petitioner sells copies of *The Urantia Book* to a chain of bookstores, the chain bookstores shall not be considered the "person" to whom the sales are made for purposes of applying the limitations of section 509(a)(2)(A)(ii), but that the sales shall be considered to be made to the individuals who are the ultimate purchasers of the book. However, on November 13, 1980, the IRS issued a ruling denying the petitioner's requests. The ruling stated in part:

We * * * rule that the chain bookstores and not the individual purchasers, are the persons described in section 509(a)(2) of the Code and that sales to them must be taken into consideration when applying the * * * test of section 509(a)(2) of the Code.

In its petition in this Court, the petitioner asks that we declare such ruling invalid.

Section 7428 provides, in part:

(a) CREATION OF REMEDY.—In a case of actual controversy involving—
   (1) a determination by the Secretary—
      (A) with respect to the initial qualification or continuing qualification of an organization as an organization described in section 501(c)(3) which is exempt from tax under section 501(a) or as an organization described in section 170(c)(2), [or]
      (B) with respect to the initial classification or continuing classification of an organization as a private foundation (as defined in section 509(a)), * * *

         *         *         *         *         *         *         *

   (2) a failure by the Secretary to make a determination with respect to an issue referred to in paragraph (1),
upon the filing of an appropriate pleading, the United States Tax Court * * * may make a declaration with respect to such initial qualification or continuing qualification or with respect to such initial classification or continuing classification. Any such declaration shall have the force and effect of a decision of the Tax Court * * * and shall be reviewable as such. For purposes of this section, a determination with respect to a continuing qualification or continuing classification includes any revocation of or other change in a qualification or classification.
   (b) LIMITATIONS.—

\* \* \* \* \* \* \*

(2) EXHAUSTION OF ADMINISTRATIVE REMEDIES.—A declaratory judgment or decree under this section shall not be issued in any proceeding unless the Tax Court \* \* \* determines that the organization involved has exhausted administrative remedies available to it within the Internal Revenue Service. An organization requesting the determination of an issue referred to in subsection (a)(1) shall be deemed to have exhausted its administrative remedies with respect to a failure by the Secretary to make a determination with respect to such issue at the expiration of 270 days after the date on which the request for such determination was made if the organization has taken, in a timely manner, all reasonable steps to secure such determination.

In his motion to dismiss, the Commissioner argues that for purposes of section 7428, there is no "actual controversy" in this case since the petitioner's classification as an organization other than a private foundation has not yet been revoked. The Commissioner also argues that for purposes of section 7428, there has been no "determination" in this case by him.

In support of his arguments, the Commissioner relies primarily upon the decision of this Court in *New Community Sr. Citizen Housing Corp. v. Commissioner*, 72 T.C. 372 (1979). There, in 1976, the organization was determined by the IRS to be an exempt organization described in section 501(c)(3). Subsequently, the organization requested from the IRS a ruling as to whether certain proposed transactions would jeopardize the exemption. The IRS ruled that the proposed transactions would jeopardize the exemption, and thereafter, the organization filed its petition for declaratory judgment. After the filing of the petition, but before the hearing on a motion to dismiss by the Commissioner, the proposed transactions were completed.

On the facts in *New Community*, we held that we did not have jurisdiction to issue a declaratory judgment since the ruling of the IRS had not actually revoked the exemption of New Community. 72 T.C. at 375. We stated that:

Congress was primarily concerned that a taxpayer have judicial review of respondent's determination that it is not exempt from tax \* \* \* A reasonable reading of the quoted provisions indicates that Congress intended to limit declaratory judgment proceedings to issues involving the initial or continuing tax-exempt qualification of the organization.

\* \* \* \* \* \* \*

The evil associated with a revocation of tax-exempt status—a loss of a

deduction for contributions to the organization—is simply not present in this case. * * * [72 T.C. at 375–376.]

We also observed:

Finally, Rule 210(b)(8)(iv), Tax Court Rules of Practice and Procedure, provides that a "determination" means: "A determination with respect to the * * * continuing qualification of an organization as an exempt organization." Rule 210(b)(9) defines a "revocation" as: "a determination * * * that an organization, previously qualified as an exempt organization * * * , is no longer qualified or classified as such an organization." * * * [72 T.C. at 376.]

In *J. David Gladstone Foundation v. Commissioner*, 77 T.C. 221 (1981), we again dealt with our jurisdiction to issue declaratory judgments under section 7428. In that case, the organization was determined in 1973 to be an exempt organization described in section 501(c)(3) and not to be a private foundation under section 509(a)(1). In August 1977, the IRS sent the organization a letter proposing to revoke its classification under section 509. In September 1977, the organization filed a written protest, but in January 1980, it was notified that the District Director in Los Angeles had been instructed by the National Office of the IRS to issue a final determination letter revoking the classification. In March 1980, the organization filed its petition for declaratory judgment, and in May 1980, the IRS issued a final determination letter revoking the classification of the organization as of January 1, 1976. After the determination letter was issued, the organization filed a second petition.

Although the first petition in *Gladstone* was filed before the IRS finally revoked the classification of the organization as a nonprivate foundation, we held that we had jurisdiction of such petition. We reasoned that the organization's protest letter of September 1977 constituted a request for determination under section 7428 and that since the IRS had not issued a final determination within 270 days of such request, we were vested with jurisdiction. 77 T.C. at 233. We reached such result specifically without regard to the second petition or to the May 1980 revocation.

In *Gladstone*, we recognized that in *New Community* we had declined to review an adverse ruling by the IRS where there had been no actual revocation, but we distinguished *New Community*: we stated that in *New Community* the IRS had taken no steps to revoke the exemption of the organization,

whereas in *Gladstone,* the IRS had proposed to revoke the classification of the organization. 77 T.C. at 228.

We have reviewed our opinions in *New Community* and *Gladstone* and conclude that the facts herein do not present a case of which we have jurisdiction: at this time, there is no "actual controversy" within the meaning of section 7428(a), and there has not been a determination, or a request for a determination, which is reviewable under such section. As we have held in *New Community,* we do not have jurisdiction unless there has been a determination or a request for one, and a determination within the meaning of section 7428(a) deals directly with the exemption or classification of the organization. The ruling in *New Community* did not deal directly with either such issue. In *Gladstone,* we held that we had jurisdiction without regard to the final determination revoking the classification of the organization, but in that case, the IRS had initiated the proceedings questioning the classification of the organization; thus, the classification of the organization was at issue. In this case, the petitioner has not requested a determination dealing directly with its classification as a nonprivate foundation, and the IRS has not initiated any proceeding challenging its classification.

The petitioner contends vehemently that the ruling by the IRS threatens its way of doing business and its procedures for carrying out its charitable purposes. In its request for ruling and argument before this Court, the petitioner alleges that there have been significant changes in the book-selling business. According to the petitioner, at an earlier time, there were many independent bookstores, but in recent years, those independent bookstores have been acquired by several large chains of bookstores. Today, the most efficient means of selling *The Urantia Book* is to deal with the large chain bookstores; yet, if each chain is considered a person for purposes of applying the $5,000 and 1-percent limitations, there is a real risk that the sales to a chain will exceed those limitations and that the excess sales would not be considered public support within the meaning of section 509(a)(2)(A). Thus, the petitioner vigorously maintains that the IRS ruling jeopardizes its classification as a nonprivate foundation and that, therefore, the Court has jurisdiction to review such ruling.

We recognize that if we do not review the ruling, the petitioner may be forced to choose between carrying on its

operations in its customary manner with the risk of losing its classification as a nonprivate foundation or finding some new means of distributing its book. Yet, at this time, we cannot anticipate with any degree of certainty the actions the petitioner will take. When it is forced to choose between the available options, there is the possibility that the petitioner may find some other means of effectively distributing the book. At this time, we do not know whether the sales to any particular chain will exceed the $5,000 or 1-percent limitation, the extent to which they will exceed such limitations, the effect of any excess sales to a chain on the application of the one-third test, or when, if ever, the combination of circumstances will cause the petitioner no longer to qualify as a nonprivate foundation. Despite the problems which the IRS ruling will no doubt cause the petitioner, we cannot now conclude that the ruling will most likely lead to its disqualification.

It seems to us that the distinction between *New Community* and *Gladstone* is meaningful and should continue to be followed. A ruling by the IRS may cause problems for an exempt organization as to its exemption or classification as a nonprivate foundation, but the mere existence of such problems is not sufficient to treat such ruling as a determination subject to judicial review under section 7428. When an organization has received a determination that it is exempt and that it is not a private foundation, there is no actual controversy which gives rise to judicial review unless the IRS directly determines that the organization is no longer exempt or no longer entitled to its classification or unless there is a request for such a determination with respect to which the IRS fails to act timely. Since the ruling in this case did not directly deal with the exemption or classification of the petitioner, the circumstances have not ripened into an actual controversy which is cognizable in the courts.

The petitioner also argues that section 7428 was enacted in response to the decision of the Supreme Court in *Bob Jones University v. Simon*, 416 U.S. 725 (1974), and that therefore we should take jurisdiction of its case. See H. Rept. 94–658 (1975), 1976–3 C.B. (Vol. 2) 701, 975. In that case, in 1942, Bob Jones University was determined by the IRS to be an exempt

organization described in the predecessor of section 501(c)(3). In 1970, the IRS announced in a revenue ruling that racially discriminatory schools would not be considered to qualify under section 501(c)(3) and that all schools would be required to furnish proof of a nondiscriminatory admissions policy. Subsequently, Bob Jones University advised the IRS that it did not admit blacks, and as a result, the Commissioner instructed the District Director to commence administrative procedures leading to the revocation of the university's exemption. In response, the university filed suit for an injunction to prevent both revocation and the threat of revocation, but the Supreme Court held that such suit was barred by section 7421(a) of the Anti-Injunction Act.

Such argument does not compel the conclusion urged by the petitioner. In the first place, it is not clear that Congress meant to provide relief in the precise circumstances involved in the *Bob Jones* case. In section 7428, Congress laid out with some precision the conditions under which declaratory judgments are to be issued, and those conditions may not wholly coincide with the circumstances that existed in the *Bob Jones* case. Moreover, in *Bob Jones*, the Commissioner had actually commenced some actions leading to the revocation of the exemption. Accordingly, we hold that we do not have jurisdiction in this case.

*An appropriate order will be entered.*