SHUT OUT DEE-FENCE, INC., AS EMPLOYER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 750–81R.    Filed December 2, 1981.

*Michael G. Tannenbaum,* for the petitioner.

*Michael N. Balsamo* and *Christina Burkholder,* for the respondent.

## OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss for lack of jurisdiction. After a review of the record, we agree with and adopt his opinion which is set forth below.[1]

---

[1]Since this is a preliminary jurisdictional motion, the Court has concluded that the post-

## OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge*: Petitioner brought an action for declaratory judgment pursuant to section 7476[2] that its employee benefit plan qualifies under section 401 and is exempt under section 501.

Shut Out Dee-Fence, Inc., is an organization incorporated on June 22, 1973, in the State of New York for the purposes of promoting athletic events and performing services related thereto. On December 31, 1973, petitioner-employer adopted a retirement plan for its employees. Petitioner submitted on January 31, 1974, a request for determination that said plan was qualified under sections 401 and 501 to the Internal Revenue Service, Brooklyn, N.Y. On October 17, 1980, respondent sent the retirement trust a notice of deficiency for the taxable years ending May 31, 1974, and May 31, 1975, in which he determined income tax deficiencies in the respective amounts of $167 and $313. Attached to the statutory notice was the following statement: "It has been determined that you did not qualify as an organization exempt from tax under section 501 of the Internal Revenue Code."

On January 14, 1981, petitioner filed its petition herein for declaratory judgment seeking qualification of its retirement trust under sections 401 and 501 based on its receipt of a "notice of determination." On the same date, petitioner filed petitions in docket Nos. 752–81 and 751–81 contesting the deficiency determinations for the taxable years ending May 31, 1974, and May 31, 1975, respectively. All three petitions were filed as a result of receipt of one statutory notice of deficiency (the October 17 notice).

On July 20, 1981, respondent filed a motion to dismiss for lack of jurisdiction. The basis for respondent's motion is that no "notice of determination" upon which a section 7476 action can be based has been sent to petitioner.[3] Respondent concedes that the Court has jurisdiction over the deficiency actions

---

trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule.

[2] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[3] Respondent's reasoning for not sending a determination letter previously was that petitioner had no employees.

represented by docket Nos. 751–81 and 752–81 and contends that any issue as to the retirement trust's qualification under sections 401 and 501 should be resolved in those cases.

Petitioner argues that in the notice of deficiency respondent "determined that the plan is not qualified" and, thus, that notice constitutes a "notice of determination" as required by section 7476(a)(1). Alternatively, petitioner argues that if the statutory notice of deficiency does not constitute a "notice of determination," then respondent has failed to make a determination and petitioner is still entitled to a declaratory judgment under section 7476(a)(2).

A declaratory judgment action may be brought pursuant to section 7476 if an actual controversy exists involving a determination by the Secretary with respect to the initial qualification of a retirement plan. Sec. 7476(a)(1). An interested party, as specified in section 7476(b)(1), can file a petition only after the plan has been put into effect, upon the exhaustion of administrative remedies, and notice has been given to interested parties pursuant to section 7476(b)(2). See sec. 7476(b)(1) to (5).[4]

---

[4]Sec. 7476 provides in pertinent part:

SEC. 7476. DECLARATORY JUDGMENTS RELATING TO QUALIFICATION OF CERTAIN RETIREMENT PLANS.

(a) CREATION OF REMEDY.—In a case of actual controversy involving—

(1) a determination by the Secretary with respect to the initial qualification or continuing qualification of a retirement plan under subchapter D of chapter 1, or

(2) a failure by the Secretary to make a determination with respect to

(A) such initial qualification, or

(B) such continuing qualification if the controversy arises from a plan amendment or plan termination,

upon the filing of an appropriate pleading, the Tax Court may make a declaration with respect to such initial qualification or continuing qualification. Any such declaration shall have the force and effect of a decision of the Tax Court and shall be reviewable as such. For purposes of this section, a determination with respect to a continuing qualification includes any revocation of or other change in a qualification.

(b) LIMITATIONS.—

(1) PETITIONER.—A pleading may be filed under this section only by a petitioner who is the employer, the plan administrator, an employee who has qualified under regulations prescribed by the Secretary as an interested party for purposes of pursuing administrative remedies within the Internal Revenue Service, or the Pension Benefit Guaranty Corporation.

(2) NOTICE.—For purposes of this section, the filing of a pleading by any petitioner may be held by the Tax Court to be premature, unless the petitioner establishes to the satisfaction of the court that he has complied with the requirements prescribed by regulations of the Secretary with respect to notice to other interested parties of the filing of the request for a determination referred to in subsection (a).

(3) EXHAUSTION OF ADMINISTRATIVE REMEDIES.—The Tax Court shall not issue a

Petitioner bases its petition in this case on receipt of a "notice of determination" dated October 17, 1980. Respondent describes said October 17 notice not as a determination letter as required by section 7476(a), but as a statutory notice of deficiency. Each has specific technical meanings. A notice of deficiency is defined in section 6212(a) as a notice from the Secretary sent to the taxpayer by certified or registered mail in which the Secretary has determined that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, 44, or 45. Sec. 601.201(a)(3), Statement of Procedural Rules, defines a determination letter as:

a written statement issued by a district director in response to a written inquiry by an individual or an organization that applies to the particular facts involved, the principles and precedents previously announced by the National Office. A determination letter is issued only where a determination can be made on the basis of clearly established rules as set forth in the statute, Treasury decision, or regulation, or by a ruling, opinion, or court decision published in the Internal Revenue Bulletin. Where such a determination cannot be made, such as where the question presented involves a novel issue or the matter is excluded from the jurisdiction of a district director by the provisions of paragraph (c) of this section, a determination

---

declaratory judgment or decree under this section in any proceeding unless it determines that the petitioner has exhausted administrative remedies available to him within the Internal Revenue Service. A petitioner shall not be deemed to have exhausted his administrative remedies with respect to a failure by the Secretary to make a determination with respect to initial qualification or continuing qualification of a retirement plan before the expiration of 270 days after the request for such determination was made.

(4) PLAN PUT INTO EFFECT.—No proceeding may be maintained under this section unless the plan (and, in the case of a controversy involving the continuing qualification of the plan because of an amendment to the plan, the amendment) with respect to which a decision of the Tax Court is sought has been put into effect before the filing of the pleading. A plan or amendment shall not be treated as not being in effect merely because under the plan the funds contributed to the plan may be refunded if the plan (or the plan as so amended) is found to be not qualified.

(5) TIME FOR BRINGING ACTION.—If the Secretary sends by certified or registered mail notice of his determination with respect to the qualification of the plan to the persons referred to in paragraph (1) (or, in the case of employees referred to in paragraph (1), to any individual designated under regulations prescribed by the Secretary as a representative of such employee), no proceeding may be initiated under this section by any person unless the pleading is filed before the ninety-first day after the day after such notice is mailed to such person (or to his designated representative, in the case of an employee).

(c) RETIREMENT PLAN.—For purposes of this section, the term "retirement plan" means—

(1) a pension, profit-sharing, or stock bonus plan described in section 401(a) or a trust which is part of such a plan,

(2) an annuity plan described in section 403(a), or

(3) a bond purchase plan described in section 405(a).

letter will not be issued. However, with respect to determination letters in the pension trust area, see paragraph (o) of this section.[5]

The notice of October 17, 1980, is clearly entitled "NOTICE OF DEFICIENCY." It is true that an attachment to that notice, which explains the reason for the income tax deficiencies, states: "It has been determined that you did not qualify as an organization exempt from tax under section 501 of the Internal Revenue Code." That statement does not change the character of the October 17, 1980, notice to a determination letter. The receipt of a determination letter is a jurisdictional requirement to bringing a declaratory judgment action in this Court.[6] Rule 210(c)(1), Tax Court Rules of Practice and Procedure.[7]

In such posture, petitioner then maintains that if the October 17, 1980, notice is not a "notice of determination" then respondent has failed to make a determination with respect to its initial qualification request and this Court has jurisdiction pursuant to section 7476(a)(2)(A).

Relying on Rule 210(c)(1), respondent contends that a declaratory judgment, where the Secretary has failed to make a determination, is only permitted where the controversy arises as a result of a plan amendment or termination. Respondent's argument clearly contradicts the language of section 7476(a)(2)(A). Moreover, respondent's reliance on Rule 210(c)(1) is misplaced for the limitation applies only in respect to the continuing qualification of a plan.[8] See and compare *Prince Corp. v. Commissioner*, 67 T.C. 318 (1976).

Alternatively, respondent argues that jurisdiction with this Court is discretionary and since this case is duplicative of the

---

[5]See also sec. 601.201(n) and (o), Statement of Procedural Rules, relating to the procedures involved in obtaining a determination letter with respect to exempt status under sec. 501 or to retirement plans under sec. 401, respectively. See also Rule 210(b)(8), Tax Court Rules of Practice and Procedure.

[6]See also *New Community Senior Citizen Housing Corp. v. Commissioner*, 72 T.C. 372 (1979), and *Urantia Foundation v. Commissioner*, 77 T.C. 507 (1981), in which the Court noted the distinction between a determination and a ruling.

[7]All Rule references hereinafter are to the Tax Court Rules of Practice and Procedure.

[8]Rule 210(c)(1) provides in pertinent part: "In the case of a retirement plan action, the Court has jurisdiction over an action brought because of the Commissioner's failure to make a determination with respect to the continuing qualification of the plan only if the controversy arises as a result of an amendment or termination of such plan. See Code Section 7476(a)(2)(B)."

deficiency actions where the same issue of whether the retirement plan is qualified must be decided, this Court should choose not to exercise its jurisdiction in this case.

Generally, jurisdiction is not a discretionary matter. *Dorl v. Commissioner*, 57 T.C. 720, 721–722 (1972), affd. 507 F.2d 406 (2d Cir. 1974). Once a party has established that he has complied with all the jurisdictional requirements, he is entitled to his day in court.

However, the language of section 7476(a) implies that this is not always the case with declaratory judgment actions.[9] The statutory language states, "the Tax Court *may* make a declaration with respect to such initial qualification."[10] (Emphasis added.)

Before the enactment of section 7476 by the Employee Retirement Income Security Act of 1974, Pub. L. 93–406, 88 Stat. 829, a taxpayer who received an adverse determination from respondent concerning its qualification as a retirement plan had no alternative but to accept the adverse determination and, upon receipt of a notice of deficiency, file a petition contesting the deficiency and underlying determination. In describing the situation, the committee reports state:

> As a practical matter, there is no effective appeal from a Service determination (or refusal to make a determination) that a proposed pension plan fails to qualify for the special tax benefits. In these cases, although there may be a real controversy between the employer and the Service, present law permits the employer to go to court only after he has made contributions to the plan, deducted them, and had those deductions disallowed. * * *

H. Rept. 93–779 (1974), 1974–3 C.B. 244, 348; H. Rept. 93–807 (1974), 1974–3 C.B. (Supp.) 236, 341; S. Rept. 93–383 (1973), 1974–3 C.B. (Supp.) 80, 191–192.

To provide for judicial review of respondent's determination regarding a retirement plan before a notice of deficiency is issued, Congress enacted section 7476. However, the procedure

---

[9]See also *Hawes v. Commissioner*, 73 T.C. 916, 920 (1980), where we held the notice to interested parties requirements of sec. 7476 to be discretionary.

[10]See also the language in sec. 7428, an analogous provision dealing with exempt organizations, which states, "the United States Tax Court, the United States Court of Claims, or the district court of the United States for the District of Columbia may make a declaration with respect to such initial qualification."

provided therein is clearly an alternative method of obtaining judicial review of respondent's determination. "While this new declaratory judgment procedure is being made available to parties who desire to use it, there is no requirement that a party use this new procedure to determine the status of a plan." H. Rept. 93–779 (1974), 1974–3 C.B. 244, 349; H. Rept. 93–807 (1974), 1974–3 C.B. (Supp.) 236, 342; S. Rept. 93–383 (1973), 1974–3 C.B. (Supp.) 80, 192.

The point is made even clearer in the committee reports to section 7428[11] enacted by Pub. L. 94–455, 90 Stat. 1581:

This provision is intended to facilitate relatively prompt judicial review of the specified types of exempt organization issues; it is not intended to supplant the normal avenues of judicial review (redetermination of a deficiency or suit for refund of taxes) where those normal procedures could be expected to provide opportunities for prompt determinations. Consequently, it is expected that the courts will not entertain a declaratory judgment suit with regard to a period for which a notice of deficiency has already been issued, except upon a showing by the organization that the declaratory judgment route is likely to substantially reduce the time necessary to attain a final judicial review of the Service's determination. Also, it is expected that in general a court which has accepted pleadings in a declaratory judgment proceedings will yield to a court which has accepted pleadings in a redetermination of deficiency or a tax refund suit, unless the proceedings in the declaratory judgment suit are so far along that it would facilitate the interest of prompt justice for the latter court to yield to the former. The Congress' action is not to be permitted to create conflicting determinations on the parts of different trial courts with regard to any of the questions that may be determined in a declaratory judgment suit; nor is the Congress' action to operate so as to require duplication of effort on the part of parties, witnesses, or courts.

Joint Comm. on Taxation, 94th Cong., 2d Sess., General Explanation of the Tax Reform Act of 1976, 1976–3 C.B. (Vol. 2) 416. See also H. Rept. 94–658 (1975), 1976–3 C.B. (Vol. 2) 978; S. Rept. 94–938 (1976), 1976–3 C.B. (Vol. 3) 626–627.

Proceeding with this declaratory judgment action would not only be duplicative but also contrary to the Congress' direction. The deficiency cases are at issue[12] and ready to be set for

---

[11]It is clear that Congress intended that the procedures under secs. 7476 and 7428 be similar. See S. Rept. 94–938 (1976), 1976–3 C.B. (Vol. 3) 624–627); H. Rept. 94–658 (1975), 1976–3 C.B. (Vol. 2) 975, 976, 978; Joint Comm. on Taxation, 94th Cong., 2d Sess., General Explanation of the Tax Reform Act of 1976, 1976–3 C.B. (Vol. 2) 413–416.

[12]Respondent's answer in each one of those cases was filed on Mar. 6, 1981. Rule 38.

trial. Moreover, this declaratory judgment action is not ready for determination since the administrative record has not yet been filed. The most expeditious avenue to a determination of the underlying issue will be obtained in the deficiency actions and, thus, we must follow the legislature's mandate and dismiss this case.

*An appropriate order of dismissal will be entered.*

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.