CENTRE FOR INTERNATIONAL UNDERSTANDING, PETITIONER[1] *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

CENTRE FOR INTERNATIONAL UNDERSTANDING, BEATRICE JACOBY, MORTON G. WITZIGREUTER, AND HAROLD B. BAMBURG, PETITIONERS *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 7520–84X, 7521–84.    Filed February 25, 1985.

*Kent D. Kehr*, for the petitioners.
*Victoria S. Crosley*, for the respondent.

---

## OPINION

CANTREL, *Special Trial Judge*: These cases are presently before the Court[2] on petitioners' motion to consolidate filed in each of the above cases on August 6, 1984, pursuant to Rule 141(a).[3] Respondent agrees that these cases be consolidated.

The motion presents an issue of first impression in that it involves consolidating a declaratory judgment case with a case that includes transferee liability and excise and income tax deficiencies determined against the Centre itself and three directors individually. (The latter case, for clarity, will hereinafter be referred to as the deficiency case. Jurisdiction is not an issue in either proceeding.)

The petition in the deficiency case is based upon the issuance on December 27, 1983, of five notices of deficiency and one notice of transferee liability, as follows:

| Petitioner | TYE | Deficiency |
|---|---|---|
| Centre | Dec. 31, 1979 | $212,334.17 |
| Centre, transferee, of the | Dec. 31, 1976 | 3,075.57 |
| assets of Colonial Woods | Dec. 31, 1978 | 2,556.41 |
| Apartments, Co., Transferor | Oct. 16, 1979 | 189,695.06 |

| | | 1st Tier (initial deficiency) | 2d Tier (additional deficiency) |
|---|---|---|---|
| Centre | Dec. 31, 1977 | $3,642.01 | $29,006.00 |
| | Dec. 31, 1978 | 4,932.02 | 30,296.00 |
| | Dec. 31, 1979 | 10,975.09 | 86,599.25 |
| Beatrice Jacoby | Dec. 31, 1977 | 2,334.50 | 42,346.00 |
| | Dec. 31, 1978 | 2,280.00 | 45,496.00 |
| | Dec. 31, 1979 | 2,525.00 | 60,496.00 |
| Morton G. Witzigreuter | Dec. 31, 1977 | 4,346.30 | 53,842.00 |
| | Dec. 31, 1978 | 4,004.40 | 56,992.00 |
| | Dec. 31, 1979 | 3,962.00 | 71,992.00 |
| Harold B. Bamburg | Dec. 31, 1977 | 3,471.30 | 48,842.00 |
| | Dec. 31, 1978 | 2,804.40 | 48,992.00 |
| | Dec. 31, 1979 | 3,587.00 | 68,992.00 |

[2] These cases were assigned pursuant to sec. 7456, Internal Revenue Code of 1954 as amended, and Rules 180 and 181, Tax Court Rules of Practice and Procedure.
[3] All Rule references are to the Tax Court Rules of Practice and Procedure.

The purpose and scope of these actions are very different, so that we must examine the consequences to the parties and this Court if we were to grant the motion. In the declaratory judgment case, the Court will review under the authority of section 7428[4] respondent's final determination that the Centre is not an organization described in section 501(c)(3) and therefore is not exempt from tax under section 501(a). The Centre was initially classified as a private operating foundation under section 4942(j)(3) on February 20, 1972. A trial may be available to the Centre because this is a revocation case. Rule 217; see *Western Catholic Church v. Commissioner*, 73 T.C. 196 (1979), affd. without published opinion 631 F.2d 736 (7th Cir. 1980); cf. *Houston Lawyer Referral Service, Inc. v. Commissioner*, 69 T.C. 570 (1978).

The deficiency case involves excise and income tax liabilities determined against the Centre itself and as transferee of the assets of Colonial Woods Apartment Co., a corporation wholly owned by the Centre; along with excise tax deficiencies determined against individual directors of the Centre for the tax years 1977–79. A necessary finding in this case will be whether the Centre was an exempt organization during the years in dispute (1976–79).[5] Once that finding is made, however, other substantial issues will also need to be resolved, including the Centre's tax liability as transferee of assets of a wholly owned corporation, unrelated business income attributable to the Centre, amounts of certain deductions, application of the alternative minimum tax, and self-dealing between the directors and the Centre. Singular disposition of the declaratory judgment case will also leave these other issues to be decided in the deficiency case.

Petitioners argue and respondent concurs that consolidation would be the most efficient way to deal with these two cases,

[4]All section references are to the Internal Revenue Code of 1954 as amended.

[5]In the statutory notice issued to the Centre for the year 1979, respondent stated that "It is determined that your organization does not qualify for exemption from tax under section 501 of the Internal Revenue Code as set forth in our Final Adverse Determination Letter to you." In the notice of deficiency in excise tax issued to the Centre for the tax years 1977–79, respondent stated, "As a result of the revocation of your exempt status * * * you are subject to section 4940(b) tax." Further, in determining that the Centre had undistributed income for the years 1977–79, respondent stated, "You have failed to meet the exceptions to this tax [imposed by sec. 4942(a)] because (1) you do not meet the qualifications of section 4942(j)(3)." Finally, petitioners attached as Exhibit A to their petition in the deficiency case a copy of the final adverse determination letter respondent sent to the Centre.

which involve some of the same issues of law and fact. The parties also agree that the declaratory judgment case is a revocation case, not a determination with respect to the initial or continuing qualification of an organization as an exempt organization. A trial may be available to the Centre, and the declaratory judgment case need not be submitted solely on the basis of the administrative record. Thus, procedural difficulties from consolidation that would arise in these cases, if one part of the action were limited to a review of the administrative record, are not present. Petitioners further cite as support for their position Rule 215(c), which prohibits joinder of parties in an exempt organization case, but leaves consolidation to be governed by Rule 141. (See also, the last sentence of Rule 210(a).)

Respondent favors consolidation for many of the same reasons as petitioners. Respondent asserts that duplication of evidence will be the result of the declaratory judgment case proceeding prior to the deficiency case, and that evidence dealing with the three directors introduced in the declaratory judgment case will not produce any result binding on them in the deficiency case because they are not parties in the former case.[6] Respondent recognizes, however, that some, but not all, of the issues involving the individual directors of the Centre are similar in both cases. Some of the same general areas of fact and law will be covered in both proceedings, with emphasis on different aspects of these issues.

The question of consolidation rests in the sound discretion of the Court. *Odend'hal v. Commissioner*, 75 T.C. 400, 402 (1980); *Cohen v. Commissioner*, 176 F.2d 394 (10th Cir. 1949). In cases where petitioners are the same, there is a common trial site, the interests of petitioners are not adverse, all petitioners are represented by the same counsel, and where the same issues of fact and law, witnesses, and documentary evidence will be present, then consolidation generally will promote judicial economy and save substantial time and expense for the parties.

In deciding whether to consolidate the particular cases before us, we must look to the purposes and scope of the different actions. The purposes of a declaratory judgment case

---

[6]We need not and do not decide here whether respondent's assertion is in fact true (see, e.g., *McQuade v. Commissioner*, 84 T.C. 137 (1985)).

pursuant to section 7428 have been set out in the legislative history and in such cases as *New Community Sr. Citizen Housing v. Commissioner,* 72 T.C. 372, 375–376 (1979). In enacting section 7428, Congress showed primary concern that a taxpayer have prompt judicial review of respondent's determination that it is not exempt from tax, either initially or in the situation where respondent revokes a taxpayer's exempt status. Another consideration was to give prompt judicial review for organizations faced with respondent's withdrawal of advance assurances that contributions would be deductible. *New Community Sr. Citizen Housing v. Commissioner, supra.*

The Joint Committee report to section 7428 states that declaratory judgment procedures are *not* intended to supplant the normal avenues of judicial review:

> This provision is intended to facilitate relatively prompt judicial review of the specified types of exempt organization issues; it is not intended to supplant the normal avenues of judicial review (redetermination of a deficiency or suit for refund of taxes) where those normal procedures could be expected to provide opportunities for prompt determinations. Consequently, it is expected that the courts will not entertain a declaratory judgment suit with regard to a period for which a notice of deficiency has already been issued, except upon a showing by the organization that the declaratory judgment route is likely to substantially reduce the time necessary to attain a final judicial review of the Service's determination. * * * The Congress' action is not * * * to operate so as to require duplication of effort on the part of parties, witnesses, or courts. [Staff of Joint Comm. on Taxation, 94th Cong., 2d Sess., General Explanation of the Tax Reform Act of 1976, at 404, 1976–3 C.B. (Vol. 2) 416.]

Ordinarily we will not permit consolidation of a declaratory judgment case where a decision is to be made solely on the basis of the administrative record, such as one determining the qualification of an organization as an exempt organization, with a deficiency case because of the difficulties of keeping consideration of the one separate from argument and evidence produced in the deficiency case. That is not a problem, however, in a true revocation case under section 7428, as here, where a trial of the exempt status may be available.

Nevertheless, if we were to consolidate the present cases, they would be set for trial according to the normal calendaring procedures for deficiency cases, and the primary purpose of the declaratory judgment case would be defeated. Nor will consolidation add anything to the deficiency case, because a

necessary finding in the deficiency case will be whether the Centre was an exempt organization for the years at issue.

If we were to allow the declaratory judgment case to proceed first, while staying the deficiency case, the result would be needless duplication of effort by all parties. Moreover, since many issues in the deficiency case would still need to be resolved, hearing the declaratory judgment case first would not significantly reduce the time necessary to attain final judicial review of all the matters in these two cases.

In *Shut Out Dee-Fence, Inc. v. Commissioner*, 77 T.C. 1197, 1202–1204 (1981), a case involving qualification of an employee benefit plan under sections 401 and 501, and wherein the taxpayer, concurrent with filing its declaratory judgment case, sought redetermination of deficiencies in an action that included the same underlying issue, this Court explained that the declaratory judgment procedure is an alternative method, not required to be used, to obtain review of respondent's determination of exempt status, and dismissed the case for lack of jurisdiction. *Shut Out Dee-Fence, Inc. v. Commissioner*, *supra.*

Although here jurisdiction is not an issue in the declaratory judgment case because respondent in fact revoked the Centre's exempt organization status, the Court's comments in *Shut Out Dee-Fence, Inc.* are equally appropriate to our decision. Here, both cases involve the necessary resolution of the issue of whether the Centre is an exempt organization. In this instance, then, because the declaratory judgment procedure is an alternative method of reaching the same result, we do not think it necessary to duplicate the efforts of the parties and the Court by proceeding with the declaratory judgment case first, or at all.

Ordinarily, where a declaratory judgment case is submitted on the administrative record, the case should be decided before final judgment in the deficiency case. Where a trial is available, timing is not such a significant factor for allowing the declaratory judgment case to go forward. Furthermore, because of the problems of consolidating the two types of cases in other situations where a trial in the declaratory judgment case is precluded, we do not wish to encourage consolidation generally of declaratory judgment cases with deficiency cases.

Thus, as to the present situation, the declaratory judgment case is to be stayed until decision is rendered in the deficiency case. Included in such decision will be a decision respecting the Centre's exempt status under section 501. Such decision will necessarily be binding and dispositive of the declaratory judgment case.

*An appropriate order will be issued.*