NATIONAL REPUBLICAN FOUNDATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
National Republican Foundation v. Commissioner
Docket No. 12878-87X.
United States Tax Court
T.C. Memo 1988-336; 1988 Tax Ct. Memo LEXIS 368; 55 T.C.M. (CCH) 1395; T.C.M. (RIA) 88336; July 29, 1988. Bertrand Harding, for the petitioner. George Blaine, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] National Republican Foundation brought an action for declaratory judgment pursuant to section 7428 and Rule 211 asserting that respondent failed to make a final determination that petitioner is a tax-exempt organization as defined in section 501(c)(3). [2] Respondent moved *370 to have petitioner's action dismissed because petitioner had been dissolved prior to the commencement of this action. The issue before us is whether, if a petitioner corporation is dissolved prior to the filing of a petition for declaratory relief with the Court, the Court may make such a declaration. For the reasons stated below, we dismiss this case. FINDINGS OF FACT Petitioner, a non-profit organization, was incorporated in the District of Columbia on March 17, 1986 (hereinafter we will refer to this corporation as either petitioner or the D.C. corporation). On April 11, 1986, petitioner filed an application for exemption (Form 1023) with the Internal Revenue Service (Service). In that application petitioner requested that the Service recognize *371 its status as a section 501(c)(3) tax-exempt organization. On October 2, 1986, [3] before respondent acted on the application, petitioner was dissolved. Respondent failed to make a final determination on petitioner's application for exemption within 270 days from when the application was filed (April 11, 1986). Pursuant to sections 7428(a)(1) and 7428(b)(2), petitioner filed a petition for declaratory judgment with this Court on May 13, 1987. Prior to the dissolution of the D.C. corporation, a Delaware corporation was incorporated, on August 18, 1986, by the same person or persons that incorporated petitioner. Apparently the Articles of Incorporation were virtually identical, at least as to the purposes for which the corporations were incorporated. During the review of the D.C. corporation's application, counsel for petitioner had informed respondent of its dissolution and the incorporation of the Delaware corporation. Counsel also had requested that the Delaware corporation be treated as the pending applicant for exemption. Counsel was advised that a *372 new application for exemption was required for the Delaware corporation. Petitioner apparently does not contest this requirement, and an application for the Delaware corporation was filed on May 14, 1987. That application, however, was withdrawn subsequently. On July 16, 1987, respondent moved to dismiss petitioner's declaratory judgment petition for lack of jurisdiction on the basis that petitioner was not in existence when the petition was filed, and therefore, there was no present controversy. Compare Rule 210(c)(2)(iv). Petitioner filed an objection to respondent's motion on August 17, 1987. Petitioner also moved to have respondent held in default, and asked this Court to impose sanctions or enter a decision against respondent. [4]
OPINION Under the so-called Declaratory Judgment Act, 28 U.S.C 2201, prior to 1974, district courts were prohibited from granting declaratory relief with respect to Federal taxes, and there were no provisions for declaratory relief in this Court. In 1974 Congress enacted *373 section 7476. That section allowed declaratory relief by the Tax Court in a case of "actual controversy" involving the determination of the qualification of certain retirement plans. In the Tax Reform Act of 1976 Congress further opened the door to declaratory relief by enacting section 7428. Section 7428(a) provides, in relevant part, that "in a case of actual controversy involving" a determination by respondent with respect to the initial qualification or continuing qualification of an organization described in section 501(c)(3), the Tax Court "may make a declaration with respect to such initial qualification * * *." The "actual controversy" language of sections 7476 and 7428 incorporates the "standards imposed by article III courts * * *" brought under 28 U.S.C. 2201. Gladstone Foundation v. Commissioner,77 T.C. 221, 227 (1981). See H. Rept. 93-779, at 107 (1974), 1974-3 C.B. 244, 350. "[T]he normal rules of the Federal Courts as they relate to declaratory judgments are to be applicable under the Tax Court declaratory judgment procedure." Section 7428 was enacted to provide judicial review of respondent's determination *374 to revoke or not to grant tax-exempt status of an organization after the Supreme Court's decisions in Bob Jones University v. Simon,416 U.S. 725 (1974), and Alexander v. "Americans United" Inc.,416 U.S. 752 (1974). In those cases, the Court held that the so-called Anti-Injunction Act (section 7421 of the Code) prohibited an organization from enjoining the Internal Revenue Service from revoking exemptions previously granted. Realizing that contributions were the lifeblood of many exempt organizations, the Court noted that "the congressional restriction to postenforcement review may place an organization claiming tax-exempt status in a precarious financial position * * *." Bob Jones University v. Simon,416 U.S. at 747. Thus, the power to deny, or to create doubt as to, the deductibility under section 170 of contributions was viewed, in effect, as the power to destroy. See Alexander v. "Americans United" Inc.,416 U.S. at 763 et seq. (Blackmun, J., dissenting). In enacting section 7428, this was one of the primary concerns, if not the primary concern, of Congress. See H. Rep. 94-658, at 283-284 (1976), 1976-3 C.B. (Vol. 2), 695, 701, 975-976; *375 New Community Sr. Citizen Housing v. Commissioner,72 T.C. 372, 375-376 (1979). With this background in mind, we turn to the nature of our declaratory relief. Section 7428(a) applies only to an "actual controversy." As noted above that phrase was intended to incorporate into section 7428 or 7476 the "case and controversy" requirement and other related doctrines applicable to suits for declaratory relief under section 2201 of Title 28. See H. Rept. 93-779, supra; Gladstone v. Commissioner,77 T.C. at 227. Thus, for example, neither section 2201 (28 U.S.C.) nor section 7428 or 7476 would provide jurisdiction to decide moot cases. See, e.g., Preiser v. Newkirk,422 U.S. 395 (1975). Respondent's motion to dismiss raises the question whether there is an "actual controversy" because at the time that the petition was filed the D.C. corporation had ceased to exist. Petitioner, on the other hand, contends that, since it had been in existence for almost seven months, there are, or may be, questions regarding its tax status or questions regarding the deductibility of contributions made by its donors, and accordingly, there is an "actual *376 controversy." While it may be that petitioner's argument that the potential tax aspects during petitioner's seven-month life is not so attenuated to cause the issue to be moot (cf., however, Preiser v. Newkirk,422 U.S. at 402-403), it has long been held that courts exercising declaratory relief powers, in their discretion may refuse to grant the relief sought even though the issue may not be technically moot. See Brillhart v. Excess Ins. Co. of America,316 U.S. 491, 494 (1942); C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d, § 2759 (1983); C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3533.1 (1984). Since petitioner has dissolved itself, any questions concerning the future deductibility of contributions by its donors do not exist; much of the impetus for granting declaratory relief under section 7428, therefore, is lacking. As to petitioner's alternative arguments -- viz the deductibility of contributions during the seven-month period and the D.C. corporation's status as exempt or non-exempt, there is no indication that these issues have been or will be raised by respondent. Indeed, *377 it may well be that there were no contributions made or, that, if made, the donor's tax liability would not be challenged. Similarly, it may be that the D.C. corporation, even if it was not exempt under section 501(c)(3), would nonetheless be exempt under some other section. Furthermore, even if respondent would raise those issues, there are clearly adequate judicial remedies available to the parties. In short, while petitioner and/or its donors theoretically may face certain tax related problems rising from petitioner's tax status, there are no assurances that those problems would require judicial determinations, and even if they would, there are adequate remedies available. Taking these facts into consideration, we see no reason for the Court to expend its resources and those of the parties to resolve this issue. Thus, in the exercise of our discretion, we decline to further entertain this action. An appropriate order will be entered.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided. ↩
3. In the Petition for Declaratory Judgment, petitioner erroneously stated the date of dissolution as August 8, 1986. ↩
4. Jurisdiction may be raised at any time. In view of our disposal of this case, petitioner's motions are moot and, accordingly, are denied. ↩