EFCO TOOL COMPANY, A MICHIGAN CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 13380–82.     Filed December 15, 1983.

*Robert A. Clemente,*[*] for the petitioner.
*Robert T. Hollohan* and *Thomas M. Cryan,* for the respondent.

OPINION

DAWSON, *Chief Judge*: This case was assigned pursuant to section 7456(c) and (d), Internal Revenue Code of 1954, as amended, and Delegation Order No. 8 of this Court, 81 T.C. VII (July 1983), to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss for lack of jurisdiction. After a review of the record, we agree with, and adopt, his opinion which is set forth below.

---

[*]Mr. Clemente did not enter his appearance in this case until Aug. 23, 1982, which date is more than 2 months after the date the petition was filed by another attorney.

## OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge*: Petitioner brought an action, docketed as a deficiency case under section 6213(a),[1] requesting a determination that its employee benefit plans qualify under section 401 and are exempt under section 501 and that the deductions for contributions to those plans were erroneously disallowed.

In August 1977, petitioner, a Michigan corporation, established both a profit-sharing plan and a retirement pension plan for the benefit of its employees. Favorable determination letters were issued for the plans on March 27, 1978. Subsequently, respondent initiated an audit of petitioner's Federal income tax returns for the fiscal years ending October 31, 1977, and October 31, 1978, pursuant to which petitioner's contributions to the plans were disallowed. A notice of deficiency (which determined therein income tax deficiencies for the taxable fiscal years ending October 31, 1977, and October 31, 1978, in the respective amounts of $45,944 and $35,513) was issued to petitioner on March 9, 1982, as well as a final revocation letter as to the qualified status of its profit-sharing plan and a proposed revocation letter as to the qualified status of its retirement pension plan. The qualified status of petitioner's retirement pension plan was finally revoked on April 30, 1982.

On June 15, 1982,[2] petitioner filed a pleading entitled "Petition" which petitioner asserts constituted, in part, a petition for declaratory judgment as to the qualified status of the retirement pension plan.

Respondent, by and through his motion, maintains that the pleading was intended as a petition for redetermination of the deficiency, rather than for a declaratory judgment, and should be dismissed for lack of jurisdiction because the petition was not filed within 90 days after issuance of the notice of deficiency as required by section 6213(a). In addition, respondent orally contended at the hearing in Washington, D.C., that

---

[1] All section references are to the Internal Revenue Code of 1954 as amended, unless otherwise indicated.

[2] Said date is 98 days after issuance of both the statutory notice of deficiency and the profit-sharing plan final revocation letter and 46 days after issuance of the retirement pension plan final revocation letter.

regardless of petitioner's intent, the pleading filed by petitioner failed to satisfy the requirements of section 7476 and Rule 211[3] and should similarly be dismissed.

Petitioner concedes that the petition was not filed timely as to either the statutory notice of deficiency or the March 9, 1982, profit-sharing plan final revocation letter, and, that as to those two items, dismissal is proper. Petitioner objects, however, to dismissal as to the April 30, 1982, retirement pension plan final revocation letter on the ground that the jurisdictional requirements of section 7476 have been satisfied. In addition, petitioner admits that the nonjurisdictional requirements have not been satisfied and, therefore, to comply with the Court's Rules, "lodged" an Amended Petition for Declaratory Judgment (Retirement Plan) on September 13, 1982.

A party may amend its pleading once, as a matter of course, at any time before a responsive pleading is served. However, jurisdictional defects may not be cured by an amended petition filed after expiration of the time for filing the petition. See Rule 41(a) and (d). No responsive pleading has been filed in this case. When the amended petition was "lodged," more than 91 days had elapsed since issuance of the second final revocation letter. Thus, the amended petition can only be permitted if the original petition is sufficient to invoke our jurisdiction and survive dismissal.

Section 7476 grants this Court jurisdiction in declaratory judgment actions with respect to the initial and continuing qualification of retirement plans subject to certain limitations. Failure to satisfy these jurisdictional limitations will result in dismissal of the action. See sec. 7476(b).

The petition and its attachments clearly contain sufficient information from which to determine that four of the five limitations have been satisfied. It alleges that the petitioner is the plan employer, a proper party for purposes of section 7476(b)(1). The requirement that interested parties be notified of the filing of a request for determination (sec. 7476(b)(2)) is not mandatory (*Hawes v. Commissioner*, 73 T.C. 916, 920 (1980)). Moreover, the petition reveals sufficient facts for us to determine that such notice has no application in this case. See

---

[3]Unless otherwise noted, all references to a Rule or Rules are to the Tax Court Rules of Practice and Procedure.

sec. 1.7476–1(a), Income Tax Regs. The fact that the plan has been put into effect is also apparent from the petition together with its attachments (sec. 7476(b)(4)). Finally, the petition bears a filing date within 91 days after the date of the retirement pension plan final revocation letter attached thereto (sec. 7476(b)(5)).

Thus, the only requirement remaining for consideration is that of exhaustion of remedies contained in section 7476(b)(3), which states:

(3) EXHAUSTION OF ADMINISTRATIVE REMEDIES.—The Tax Court shall not issue a declaratory judgment or decree under this section in any proceeding unless it determines that the petitioner has exhausted administrative remedies available to him within the Internal Revenue Service. A petitioner shall not be deemed to have exhausted his administrative remedies with respect to a failure by the Secretary to make a determination with respect to initial qualification or continuing qualification of a retirement plan before the expiration of 270 days after the request for such determination was made.

Although respondent failed to specifically raise exhaustion as a barrier to jurisdiction in this case, this Court's jurisdiction may not be invoked by consent or concessions of the parties, and we have therefore made an independent review of the record to determine whether the exhaustion requirement has been satisfied. *B.H.W. Anesthesia Foundation v. Commissioner*, 72 T.C. 681, 682 n. 2 (1979).

The petition does not allege that petitioner has exhausted its remedies. Thus, our jurisdiction may be invoked only if the petition contains sufficient information from which we can find that petitioner's administrative remedies have been exhausted.

We have considered the meaning of the exhaustion requirement of section 7476 and its counterpart in the area of exempt organizations (sec. 7428) on a number of occasions. See, e.g., *Gladstone Foundation v. Commissioner*, 77 T.C. 221 (1981); *Shut Out Dee-Fence, Inc. v. Commissioner*, 77 T.C. 1197 (1981); *BBS Associates, Inc. v. Commissioner*, 74 T.C. 1118 (1980), affd. per order (3d Cir., July 29, 1981); *Hawes v. Commissioner*, *supra*; *Thompson v. Commissioner*, 71 T.C. 32 (1978); *Prince Corp. v. Commissioner*, 67 T.C. 318 (1976). However, research has failed to reveal any case in which we have examined the meaning of the exhaustion requirement where the Service has

issued a final adverse determination or a final revocation letter,[4] and no such case has been cited to us by counsel for the parties. Cases brought after final determinations have been made, have, with few exceptions, merely recited the fact that the exhaustion requirement has been satisfied. See, e.g., *Bethel Mennonite Church v. Commissioner*, 80 T.C. 352, 357 (1983), on appeal (7th Cir., July 11, 1983). Only in *Fujinon Optical, Inc. v. Commissioner*, 76 T.C. 499, 500 n. 2 (1981), appeal dismissed (2d Cir., Aug.' 17, 1981), did we state in a footnote that exhaustion of administrative remedies was evidenced by issuance of a final adverse determination letter. And, in *High Adventure Ministries v. Commissioner*, 80 T.C. 292, 298 (1983), on appeal (9th Cir., Apr. 11, 1983), we stated that our jurisdiction in declaratory judgment actions is limited to instances where "respondent has issued an adverse determination letter or where, after a request by the organization and an exhaustion of administrative remedies, the respondent has failed to issue a determination letter," thus implying that once a final determination has been made, further inquiry into exhaustion is unnecessary.

The Internal Revenue Service's procedure for administrative appeals under section 7476 is set forth in section 601.201(O)(10)(i), Statement of Procedural Rules. For purposes of that statement, exhaustion is defined as (a) filing a completed application with the appropriate District Director, (b) compliance with the requirements pertaining to notice to interested parties, and (c) an appeal to the Appeals Office in the event of a notice of proposed adverse determination from the District Director. The procedural rules do not distinguish between initial qualification and revocation procedures. See *Gladstone Foundation v. Commissioner, supra* at 232. Beyond the manner in which the procedure is begun (request for determination versus proposed revocation), the Internal Revenue Service's rules require taxpayers to pursue the same appeal procedure.

According to the Internal Revenue Manual, the Service's position is that a taxpayer who fails to protest a proposed adverse determination has not exhausted its administrative

---

[4]A final adverse determination is issued pursuant to a request for determination whereas a final revocation letter is the final step in the revocation procedure following an audit.

remedies in spite of a subsequent issuance of an adverse determination letter. I.R.M. Administration 7(11)83, 7(13)63–(8).

In *Prince Corp. v. Commissioner, supra,* we stated that there may be circumstances in which it is not necessary to complete all the steps in the published administrative process prior to petitioning this Court for declaratory judgment relief. Where exhaustion has been sufficient to satisfy its purposes, we will likewise consider the statutory requirement satisfied. See *Gladstone Foundation v. Commissioner, supra.* The exhaustion-of-remedies requirement is of critical importance. Declaratory judgment actions not involving revocations are in most instances submitted to this Court on the basis of the administrative record, alone. See Note to Rule 212, 68 T.C. 1041. Thus, the exhaustion requirement tends to insure an administrative record on which the Court can make its review. Note to Rule 210, 68 T.C. 1031. See *Gladstone Foundation v. Commissioner, supra* at 232–233. In addition, it prevents interruption of the administrative process and assures the Internal Revenue Service of sufficient evidence upon which to base its determination. See *Thompson v. Commissioner, supra* at 36–37.

Where the Internal Revenue Service has issued a final revocation letter, these purposes have been satisfied. In revocation cases, the Service relies not on the facts as presented by the taxpayer but upon its own investigation. A trial may be necessary under these circumstances to resolve questions of fact. Note to Rule 213, 68 T.C. 1041. Thus, the administrative record may be of somewhat lesser importance in revocation cases such as this. In addition, the issuance of a final revocation letter is evidence that the Service had sufficient evidence upon which to base its determination. See *B.H.W. Anesthesia Foundation v. Commissioner, supra* at 682 n. 2.

Thus, we find that the purposes of the exhaustion requirement have been satisfied once the Internal Revenue Service has issued a final revocation letter and the petitioner shall be deemed to have exhausted its administrative remedies.

Petitioner admits that many of the requirements of Rule 211 have not been satisfied. However, even though a petition fails to comply with the form and content prescribed by our Rules, the Court "in its discretion has 'leaned over backwards' to

acquire jurisdiction" when the taxpayer intends the document to be a petition, makes a conscientious effort to comply with the Rules, and where it is reasonable, to accept the document as a petition. *Castaldo v. Commissioner*, 63 T.C. 285, 287 (1974). It is clear that the initial pleading here was intended as a request for declaratory judgment as to the retirement plan's qualified status. The final revocation letter was attached, and the disqualification of the plan was assigned as error. Thus, all statutory jurisdictional requirements having been satisfied, the circumstances here warrant exercise of our discretion in acquiring jurisdiction. See *Shut Out Dee-Fence, Inc. v. Commissioner, supra* at 1202–1203.

Respondent argues that this is not a case like *Castaldo*, in which petitioner appeared pro se, and that the involvement of an attorney dictates a higher standard of compliance. While that may well be so, and while we expect our Rules to be complied with, Rule 1 states that our Rules should be construed to secure the just, speedy, and inexpensive determination of every case. The purpose of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. Rule 31. The pleading at issue was clearly intended as a declaratory judgment action, and petitioner made a reasonable effort to comply with our Rules.

Respondent maintains that under *Shut Out Dee-Fence, Inc. v. Commissioner, supra* at 1203, where a statutory notice of deficiency has been issued, the Court may not entertain a declaratory judgment suit. However, upon a showing that the declaratory judgment route is likely to substantially reduce the time necessary to attain a final judicial review of the Service's determination, we may retain jurisdiction. *Shut Out Dee-Fence, Inc. v. Commissioner, supra*. Here, no statutory notice of deficiency case is pending nor can one be brought at this time. Proceeding with this declaratory judgment action would not be duplicative and would, in fact, result in a speedy resolution of the dispute.

While we are aware that our holding in this case will preclude the Internal Revenue Service from contesting jurisdiction in declaratory judgment actions on the basis of failure to exhaust administrative remedies once a final revocation letter has been issued in situations such as the instant case,

such a result does not unfairly prejudice the Service. In cases in which sufficient evidence has been adduced from which the Commissioner is able to make a determination as to a plan's qualified status, such as the instant case, the ends of exhaustion have been satisfied, and jurisdiction is proper. Where, however, the Commissioner lacks enough evidence upon which a determination can be made, no final revocation letter will usually be issued. Jurisdiction will be denied for want of exhaustion in any declaratory judgment action where the lack of evidence is due to the taxpayer's failure to cooperate, and the taxpayer's recourse in this Court will be limited to a request for redetermination based on the statutory notice of deficiency.

Respondent's motion to dismiss, which seeks dismissal only as to the untimely filing of the petition with respect to the notice of deficiency, will be granted. On the Court's own motion, this case will be dismissed for lack of jurisdiction insofar as the petition seeks a declaratory judgment respecting the final revocation letter dated March 9, 1982. See *Midland Mortgage Co. v. Commissioner*, 73 T.C. 902, 904–905 (1980). On this record, we find, and so hold, that the document entitled "Petition," which was filed on June 15, 1982, invoked the jurisdiction of this Court with respect to the final revocation letter dated April 30, 1982. Finally, the Amended Petition for Declaratory Judgment (Retirement Plan) "lodged" on September 13, 1982, will be filed as of the date received, nunc pro tunc.

*An appropriate order will be issued.*