# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3827

_____

| | | |
|---|---|---|
| Transport Labor Contract/Leasing,<br>Inc. & Subsidiaries, | * <br> * <br> * | |
| Appellant, | * <br> * | |
| v. | * <br> * | Appeal from the<br>United States Tax Court. |
| Commissioner of Internal Revenue, | * <br> * <br> * | |
| Appellee. | * | |

_____

Submitted: May 18, 2006
Filed: August 23, 2006

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and COLLOTON, Circuit Judges.

_____

LOKEN, Chief Judge.

The Internal Revenue Code allows an employer to deduct the cost of employee travel expenses (unless treated as income to the employee), provided the employer maintains records properly substantiating the expenses. See 26 U.S.C. §§ 162(a)(2), 274(d). However, the deduction is limited to fifty percent of "any expense for food or beverages." 26 U.S.C. § 274(n)(1)(A).

Eligible trucking companies may pay their drivers a fixed per diem for driving expenses that is deductible, subject to the § 274(n) limitation. In recent years, many

small and medium-sized trucking companies have reduced their overall labor costs by contracting with a Professional Employer Organization ("PEO") to provide essential services such as paying employees, employment taxes, and workers compensation premiums, and administering employee benefit plans. See Delcastillo v. Odyssey Res. Mgmt., Inc., 431 F.3d 1124, 1126 n.1 (8th Cir. 2005). This case raises a surprisingly complex question -- if neither the PEO nor its client properly limited the deduction for per diem payments in accordance with § 274(n), who is responsible for the resulting tax deficiency?

A subsidiary of taxpayer Transport Labor Contract/Leasing, Inc. ("TLC"), provided PEO services by hiring truck drivers as its employees and then leasing them back to its trucking company clients. In upholding a substantial deficiency asserted by the Commissioner of Internal Revenue,[1] the Tax Court held that TLC was subject to the § 274(n) limitation because it was the common law employer of the drivers. Transp. Labor Contract/Leasing, Inc. v. Comm'r, 123 T.C. 154 (2004), 90 T.C.M. (CCH) 42 (2005). TLC appeals. We review the Tax Court's legal conclusions *de novo* and its findings of fact for clear error. Campbell v. Comm'r, 164 F.3d 1140, 1142 (8th Cir. 1999). We conclude the Tax Court misapplied § 274 and TLC proved at trial that it is not subject to the § 274(n) limitation. Accordingly, we reverse.

## I.

As the Commissioner's regulations explain, and as fairness to taxpayers would perhaps demand, Congress crafted § 274 so that the § 274(n) limitation on allowable meal expense deductions "shall be applied only once, either (1) to the person who makes the expenditure or (2) to the person who actually bears the expense, but not to both." 26 C.F.R. § 1.274-2(f)(2)(iv)(a); see 26 U.S.C. § 274(n)(2). In most situations,

---

[1]The Commissioner initially commenced deficiency proceedings against several of TLC's trucking company clients but later conceded those cases.

there are two possible candidates, the employer or the employee.  If the per diem payment is treated as income to the employee, it is potentially deductible by the employee as a business expense, so the burden of the § 274(n) limitation is placed on the employee, not on the employer.  More often, however, the employer will choose to treat per diem payments as expense reimbursements, not as income to its employees, because reimbursements are not wages for purposes of the employer's worker's compensation insurance premiums and unemployment tax obligations.  In that case, the employer may take the business expense deduction, so it is subject to the § 274(n) limitation.  See 26 U.S.C. § 274(e)(2); 26 C.F.R. § 1.274-2(f)(2)(iv)(b).

The question is more complex when, as here, there are three relevant parties. In such cases, a special exception to § 274(n) applies if the per diem payment was "paid or incurred by one person . . . under a reimbursement or other expense allowance arrangement with another person other than an employer."  26 C.F.R. § 1.274-2(f)(2)(iv)(c), applying 26 U.S.C. § 274(e)(3).[2]  The Tax Court first faced this issue in Beech Trucking Co. v. Commissioner, 118 T.C. 428 (2002), where a trucking company argued that it was not subject to the § 274(n) limitation on per diem payments because it had leased the truck drivers from a PEO.  The Tax Court rejected

---

[2]The exception is stated in a somewhat convoluted fashion -- § 274(n)(2) provides that the 50% limitation does not apply to any expense "described in" § 274(e)(3), which in turn provides, as relevant here:

> **(3) Reimbursed expenses.** Expenses paid or incurred by the taxpayer, in connection with the performance by him of services for another person (whether or not such other person is his employer), under a reimbursement or other expense allowance arrangement with such other person, but this paragraph shall apply --

> \*   \*   \*   \*   \*

> **(B)** where the services are performed for a person other than an employer, only if the taxpayer accounts (to the extent provided by subsection (d)) to such person.

this contention, concluding that the § 274(n) limitation applied to the trucking company "as the common law employer of its drivers and as the party that . . . actually bore the expense . . . for which the per diem payments were made." 118 T.C. at 443.

In this case, TLC's per diem payments were not treated as truck driver wages, so all agree that the § 274(n) limitation did not apply to the drivers. The question, then, is whether the limitation's tax burden falls on TLC or on the trucking companies under § 274(e)(3) and its interpretive regulations. The Tax Court held that TLC is subject to the § 274(n) limitation because it was the common law employer of the drivers. On appeal, the Commissioner argues that the Tax Court's analysis was flawed. We agree. The flaw, as we see it, was in focusing exclusively on the common law employer issue that was dispositive in Beech Trucking. We are inclined to agree with the application of § 274 in Beech Trucking -- if the trucking company, rather than the PEO, was the "employer," then the trucking company was subject to the § 274(n) limitation because § 274(e)(3) did not apply. This exception did not apply because the per diem expense was not "incurred by the taxpayer [the trucking company], in connection with the performance by him of services for another person," as § 274(e)(3) requires.

In this case, the Tax Court held that TLC, the PEO, was the common law employer.[3] This means § 274(e)(3) might apply, and the § 274(n) issue cannot be resolved simply by identifying the employer. Section 274(e)(3) might apply because the per diem expenses were "paid or incurred by the taxpayer" (TLC, the PEO) "in connection with the performance by him of services" (the leased services of the PEO's truck drivers) "for another person" (the trucking company). Thus, the Tax Court erred in stopping its analysis with the common law employer issue. Instead, it should have determined whether TLC as employer was entitled to the § 274(e)(3) exception, which

---

[3]Given our interpretation of 26 U.S.C. § 274, we need not review the Tax Court's resolution of the common law employer issue, and we decline to do so.

requires a determination of (i) whether TLC incurred the per diem expenses "under a reimbursement or other expense allowance arrangement with such other person" (its trucking company clients), and if so (ii) whether TLC "account[ed] . . . to such person" in the manner § 274(e)(3)(B) requires.

## II.

Following the Tax Court's initial adverse decision, TLC filed a motion for reconsideration, arguing that it qualified for the exception in 26 U.S.C. § 274(e)(3)(B). TLC also pointed out that the Court's decision would result in tax duplication because it did not reduce the deficiencies by the increased taxes paid by trucking company clients who applied the § 274(n) limitation in those tax years. The Tax Court rejected the § 274(e)(3) contention solely on the ground that it was raised in TLC's pleadings but abandoned in its trial memorandum. 90 T.C.M. (CCH) at 63. On appeal, the Commissioner argues that this ruling was not an abuse of the Tax Court's discretion. We disagree.

As an initial matter, we disagree with the tax court that TLC abandoned or waived the issue. TLC's First Amended Petition expressly alleged that the Commissioner "erred in determining that petitioner's per diem expenses did not come within an exception to the deduction limitation for reimbursed expenses provided in IRC § 274(e)(3)(B)." The Tax Court's decision acknowledged that the case turned on the proper application of § 274(e)(3) and its interpretive regulations. See 123 T.C. at 178. Having correctly identified the governing statute, the Tax Court was obliged to apply § 274(e)(3)(B) correctly, whether or not TLC developed the issue in detail in its trial memorandum. Thus, the § 274(e)(3)(B) issue was sufficiently raised "for purposes of our appellate review." United States v. White Plume, 447 F.3d 1067, 1074 (8th Cir. 2006). Any errors of law in interpreting this statute are a proper subject of our review, whether or not the Tax Court deemed them "abandoned."

-5-

Moreover, the Tax Court's disposition of this case, and particularly its summary rejection of the motion for reconsideration, shows an almost cavalier disregard for a governing legal principle -- that the § 274(n) limitation "shall be applied only once." 26 C.F.R. § 1.274-2(f)(2)(iv)(a).  In its trial memorandum, TLC cited legislative history explaining that § 274(e)(3) "prevents the double disallowance of a single expenditure," yet the Tax Court declared the issue of tax duplication not timely raised. 90 T.C.M. (CCH) at 63.  We may review an issue not raised in the trial court when "failure to consider the issue would be inconsistent with substantial justice."  Estate of Vak v. Comm'r, 973 F.2d 1409, 1412 (8th Cir. 1992).

## III.

The question whether TLC qualified for the § 274(e)(3) exception requires a summary of additional facts.  TLC's standard Exclusive Lease Agreement made no reference to per diem payments to truck drivers.  But the record on appeal includes a detailed and well-supported description of the manner in which TLC substantiated its per diem payments and communicated that information to its clients.

Undisputed evidence established that TLC's trucking company clients initially determined the drivers' total compensation and the proportion (if any) that TLC should allocate to per diem payments.  Each client was free to change the percentage of gross compensation allocated to per diem payments, a decision that did not affect TLC's profit.  Each pay period, the trucking company submitted a "batch report" showing each driver's gross pay and days on the road for that period.  Using that data, TLC paid the drivers their total compensation, including the per diem portion.  TLC's invoice to the trucking company showed the drivers' aggregate gross pay, which TLC separated into "Employee Compensation" and "Reimbursement of Driver Per Diem" components using the percentage of gross pay the client had determined should be allocated to per diem payments.  TLC collected from its client the information required to substantiate the per diem payments.  For each tax year in question, TLC

sent the trucking company a letter reporting the total per diem payments to drivers that year and advising, "you must afford [these payments] special treatment under the 20% [later 50%] reduction provision of Internal Revenue Code Section 274(n)."

The Commissioner does not contend that these record-keeping procedures failed to comply with the expense substantiation requirements of § 274(d) that are incorporated by reference in § 274(e)(3)(B). Thus, the remaining question is whether TLC had a "reimbursement or other expense allowance arrangement" with the trucking companies, as § 274(e)(3) requires.

The statute does not define a "reimbursement or other expense allowance arrangement." The applicable regulation, 26 C.F.R. § 1.274-2(f)(2)(iv)(a), says that the term "has the same meaning as it has in section 62(a)(2)(A)," the Code provision that prescribes when an employee may deduct reimbursed business expenses. The regulations applying § 62(a) in turn provide:

> the phrase "reimbursement or other expense allowance arrangement" means an arrangement that meets the requirements of paragraphs (d) (business connection), (e) (substantiation), and (f) (returning amounts in excess of expenses) of this section.

26 C.F.R. § 1.62-2(c). Paragraphs (d)-(f) set forth detailed requirements, including two provisions relating specifically to per diem allowances. See 26 C.F.R. §§ 1.62-2(d)(3)(ii), (f)(2). The Commissioner does not argue that the data gathered by TLC and furnished to its trucking company clients regarding the per diem payments made to truck drivers failed to satisfy these requirements.

The Commissioner instead argues that the reimbursement arrangement requirement of § 274(e)(3) should not be deemed satisfied simply because "the non-employee taxpayer is able, as an economic matter, to pass the cost on to its customers." We agree there is a difference between compensating a vendor for its

-7-

services, and reimbursing the vendor for a specific expense incurred in providing those services. It is similar, if not conceptually identical, to the difference between wages paid to an employee, and reimbursement of the employee's business expenses. The latter distinction is governed by 26 C.F.R. §§ 1.62-2(c)-(f), which define the type of "reimbursement or other expense allowance arrangement" that must be proved. The same definition governs the § 274(e)(3) inquiry. Thus, the Commissioner's argument that every lessee ultimately bears the lessor's expenses ignores the distinction framed by the statute and regulations. If TLC proved that it established a "reimbursement arrangement" with a trucking company that satisfied the rigorous requirements of 26 C.F.R. §§ 1.62-2(c)-(f), then TLC met the requirements of § 274(e)(3). This in turn proves that the trucking company was "the person who actually [bore] the expense" within the meaning of 26 C.F.R. § 1.274-2(f)(2)(iv)(a) and that TLC is excepted from the § 274(n) limitation.

Though it did not address this question, the Tax Court placed great emphasis on the fact that TLC's lease agreement was silent as to per diem payments, and the fact that the trucking company payments to TLC were not "broken down into component parts," 123 T.C. at 192. The Commissioner suggests that these facts demonstrate the absence of a reimbursement arrangement. We disagree. By use of the word "arrangement" in lieu of a narrower word such as "contract" or "agreement," Congress evidenced its intent not to restrict the way in which the required relationship may be proved, an intent reinforced by § 274(d), which provides that necessary expense substantiation may be proved "by adequate records or by sufficient evidence corroborating the taxpayer's own statement." Thus, the lease agreement's silence is irrelevant to the § 274(e)(3) inquiry. As for the Tax Court's emphasis on the trucking company's method of payment, if the Court meant to find that TLC rather than the trucking companies established the amount of the per diem payments, or that TLC did not provide its clients with an accounting of the amount of per diem payments being reimbursed, those findings would be clearly erroneous on this record.

**IV.**

The undisputed facts demonstrate that TLC as taxpayer paid per diem expenses to the truck drivers. TLC provided its trucking company clients with the expense substantiation information required by § 274(d). The trial record includes substantial documentary and testimonial evidence establishing that TLC and its clients entered into a "reimbursement or other expense allowance arrangement" that satisfied the requirements of 26 C.F.R. §§ 1.62-2(c)-(f) and therefore 26 U.S.C. § 274(e)(3). The Commissioner's arguments to the contrary are unpersuasive. Because on this record TLC is excepted from the § 274(n) limitation as a matter of law, it is entitled to a redetermination of the deficiencies.

The decision of the Tax Court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

_____