T.C. Memo. 2011-2

UNITED STATES TAX COURT

MICHAEL C. HOLLEN, D.D.S., P.C., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19618-08R.                    Filed January 4, 2011.

Michael C. Hollen (an officer), for petitioner.

<u>Sarah S. Sandusky</u> and <u>Matthew M. Johnson</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner seeks a declaratory judgment under
section 7476 that its employee stock ownership plan (ESOP), the
Michael C. Hollen, D.D.S., P.C., Employee Stock Ownership Plan,
and its related employee stock ownership trust (ESOT) are

qualified under sections 401(a) and 501(a), respectively.[1]
Respondent determined that the ESOP and the ESOT did not qualify
under sections 401(a) and 501(a), respectively, for the plan year
ended October 31, 1987 (1987 plan year), and for all plan years
thereafter.  We sustain that determination.

## Background

The parties filed a joint motion for leave to submit this
case for decision under Rule 122.  We granted their motion and
decide this case on the basis of the pleadings and the stipulated
administrative record.  See Rule 217(a).  We incorporate the
stipulated record herein.

Petitioner is a professional corporation that reports its
income and expenses on the basis of the calendar year.  It
employs its principal shareholder, Michael C. Hollen (Dr.
Hollen), as a dentist and as a corporate officer.  Its principal
place of business was in Iowa when the petition was filed.

Petitioner began sponsoring the ESOP on November 1, 1986.[2]
The ESOP's administrator is Dr. Hollen; he also is the ESOT's
trustee.  The ESOP's plan year initially ended on October 31 but

---

[1]Unless otherwise noted, section references are to the
applicable versions of the Internal Revenue Code, and Rule
references are to the Tax Court Rules of Practice and Procedure.

[2]The earliest plan document in the record is from Sept. 15,
1994.  The record is unclear whether the plan applied for or
received a favorable determination letter from the Internal
Revenue Service at inception.

was changed in 2001 to end on December 31. As of its plan year ended December 31, 2002, the ESOP had 15 participants and/or beneficiaries.

The ESOT's primary asset was stock in petitioner. On October 12, 17, and 18, 1989, the ESOT borrowed a total of $416,920 and used those proceeds to purchase a total of 130,696 shares of petitioner's stock. During the ESOP's plan year ended October 31, 1989 (1989 plan year), petitioner distributed $200,000 to the ESOT, and the ESOT used the $200,000 to repay a like amount of the borrowings. In connection with that repayment, the ESOT allocated $200,000 of petitioner's common stock to the accounts of the ESOP participants; $150,339 of that allocation went to Dr. Hollen's account.

Petitioner retained Stephen Thielking (Thielking) as the ESOP's accountant. Thielking is a certified public accountant, and he appraised the stock held by the ESOT in 2001, 2002, and 2003.

On January 1, 2001, the ESOP was amended effective as of that date. On December 27, 2002, petitioner requested a determination from the Commissioner as to the qualified status of the ESOP as amended in 2001. Petitioner withdrew that request on August 4, 2003. On May 15, 2008, the Commissioner issued a final nonqualification letter, which underlies this proceeding.

## Discussion

Section 7476(a) authorizes this Court to render the requested declaratory judgment, subject to the limitations of section 7476(b). Neither party argues that any of those limitations is not met, and we are satisfied that we have jurisdiction over the petition. See generally Efco Tool Co. v. Commissioner, 81 T.C. 976 (1983) (discussing this Court's jurisdiction in the setting of a declaratory judgment case such as this).

Respondent determined that the ESOP and the ESOT failed to qualify under sections 401(a) and 501(a), respectively, because: (1) The ESOP was not timely amended to include provisions required by sections 402(c)(4)(C), 414(n)(2)(C), (q), and (u), and 415(c)(3); (2) the ESOP failed to follow the vesting schedule required by section 411(a)(2)(B); (3) the ESOP failed to use an independent appraiser to appraise employer securities as required by section 401(a)(28)(C); and (4) the beneficiary account of Dr. Hollen exceeded the allowable amount of annual additions for the 1989 plan year.

Respondent's determination is presumed to be correct, and the burden of proof is on petitioner.[3] See Rule 142(a); Welch v.

---

[3]In certain cases, sec. 7491(a) places the burden of proof on the Commissioner "with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any [Federal income or estate] tax". We need not decide whether sec. 7491(a)
(continued...)

Helvering, 290 U.S. 111, 115 (1933). To prevail, petitioner must prove that respondent abused his discretion. Under this standard, petitioner must persuade the Court that respondent's determination was unreasonable, arbitrary, or capricious. See Buzzetta Constr. Corp. v. Commissioner, 92 T.C. 641, 648 (1989). Petitioner has failed to do so.

Section 401(a) lists requirements which must be met in order for a trust to be considered a qualified trust entitled to preferential tax treatment under section 501(a). See generally Ronald R. Pawlak, P.C. v. Commissioner, T.C. Memo. 1995-7 (discussing the types of preferential tax treatment under section 501(a)). In addition, the Employee Retirement Income Security Act of 1974, Pub. L. 93-406, sec. 402(a)(1), 88 Stat. 875, requires that the plan be in writing. See also sec. 1.401-1(a)(2), Income Tax Regs. Congress established the writing requirement so that every employee may, on examining the plan document, determine exactly what his or her rights and obligations are under the plan and who is responsible for operating the plan. See Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 83 (1995); H. Conf. Rept. 93-1280, at 297 (1974),

---

[3](...continued)
applies to declaratory judgment actions such as this. This is because sec. 7491(a) is not applicable where, as here, the taxpayer makes no argument as to the applicability of the section and fails to show that the prerequisites for its applicability have been met.

1974-3 C.B. 415, 458. With these basic principles in mind, we turn to analyzing respondent's determination as to the ESOP's qualification under section 401(a). We do not specifically discuss the qualification of the ESOT under section 501(a) because the exemption of the ESOT under section 501(a) follows from the qualification of the ESOP under section 401(a). See Ronald R. Pawlak, P.C. v. Commissioner, supra.

Disqualifying Reason 1: ESOP Not Properly Amended

The Small Business Job Protection Act of 1996, Pub. L. 104-188, 110 Stat. 1755, and the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, amended the plan qualification requirements under sections 402(c)(4)(C) (eligible rollover distributions), 414(n)(2)(C) (definition of employee leasing), 414(q) (definition of highly compensated employee), 414(u) (special rules for veterans), and 415(c)(3)(D) (participants' compensation). Respondent determined that the ESOP did not qualify under section 401(a) because it was not timely amended to reflect these laws.

Petitioner did not amend the ESOP in accordance with the effective dates set forth in the referenced statutes. All the same, the ESOP may retroactively qualify under section 401(a) if remedial amendments were made during the remedial amendment period described in section 1.401(b)-1, Income Tax Regs. That

section provides that a plan such as the ESOP may qualify retroactively if:

> on or before the last day of the remedial amendment period * * * with respect to such disqualifying provision, all provisions of the plan which are necessary to satisfy all requirements of sections 401(a), 403(a), or 405(a) are in effect and have been made effective for all purposes for the whole of such period. * * * [Sec. 1.401(b)-1(a), Income Tax Regs.]

For this purpose, the last day of the remedial amendment period is determined by reference to section 1.401(b)-1, Income Tax Regs. In accordance with that section and with Rev. Proc. 2001-55, 2001-2 C.B. 552, the last day of the remedial amendment period at issue was February 28, 2002.[4]

The chart below shows the effective dates for sections 402(c)(4)(C), 414(n)(2)(C), (q), and (u), and 415(c)(3)(D), the dates on which the ESOP adopted its related amendments, and the dates on which the ESOP made each of those amendments effective.

| Section | Required Effective Date | Amendment Adopted Date | Amendment Effective Date |
|---|---|---|---|
| 402(c)(4)(C) | Jan. 1, 1999 | Jan. 1, 2001 | Jan. 1, 2001 |
| 414(n)(2)(C) | Nov. 1, 1997 | Jan. 1, 2001 | Jan. 1, 2001 |
| 414(q) | Nov. 1, 1997 | Jan. 1, 2001 | Jan. 1, 2001 |
| 414(u) | Dec. 12, 1994 | Jan. 1, 2001 | Jan. 1, 2001 |
| 415(c)(3)(D) | Dec. 31, 1997 | Jan. 1, 2001 | Jan. 1, 2001 |

---

[4]The remedial amendment period extension provision of sec. 1.401(b)-1(e)(3), Income Tax Regs., does not apply because petitioner requested the determination letter on Dec. 27, 2002, after the remedial amendment period expired.

Although the ESOP adopted its amendments on January 1, 2001, before the expiration of the remedial amendment period, the amendment failed to make the provisions effective as of the required effective dates. The ESOP is therefore not qualified under section 401(a) because the required provisions failed to be effective for the whole of the remedial amendment period. See sec. 1.401(b)-1, Income Tax Regs.; see also Ronald R. Pawlak, P.C. v. Commissioner, supra.

Disqualifying Reason 2: Certain Plan Participants Not Credited According to Vesting Schedule

Section 401(a)(7) requires that the ESOP satisfy the vesting requirements of section 411. Section 411(a)(2)(B)(iii) provides for a vesting schedule whereby an employee vests in plan benefits over a period of 6 years, pro rata. The ESOP's plan document reflects the vesting schedule required by law, but the ESOP in operation did not follow that schedule. The following chart shows the vesting percentages reflected in the ESOP's records compared with those required under section 411(a)(2).[5]

| Employee | Vesting Percentage Per Plan Records | Vesting Percentage Required Under Sec. 411(a)(2) |
| --- | --- | --- |
| Ann Tarr | -0- | 80 |
| Susan Bess | 40 | 100 |
| Jodi Robinson | 20 | -0- |
| Cynthia Dunn | -0- | 40 |
| Kerry Newland | -0- | 20 |
| Sarah Wheeter | -0- | 40 |

[5]Petitioner claims that "any required corrections have been made", but the record does not substantiate this claim.

The ESOP fails to qualify under section 401(a) because it did not properly vest in operation in accordance with the schedule required by the plan. See sec. 1.401-1(b)(3), Income Tax Regs. (stating that "The law is concerned not only with the form of a plan but also with its effects in operation"); see also Winger's Dept. Store, Inc. v. Commissioner, 82 T.C. 869, 876 (1984) (stating that "the operation of the trust is as relevant as its terms"); Quality Brands, Inc. v. Commissioner, 67 T.C. 167, 174 (1976) (holding to the same effect). Petitioner offers no explanation as to why the vesting schedules on the ESOP's books did not properly reflect the provisions of the plan document's vesting schedule. Moreover, petitioner declined respondent's offer to participate in a closing agreement program (CAP) which would allow for retroactive compliance. Because the ESOP was not operationally in compliance, we hold that it failed the requirements of section 411 (and hence section 401).

Disqualifying Reason 3:  ESOP Failed To Use Independent Appraiser

Petitioner asserts that Thielking was a permissible appraiser of the ESOT's stock in petitioner. We hold otherwise. Section 401(a)(28)(C) provides that all employer securities which are not readily tradable on an established securities market must be valued by an "independent appraiser". Since petitioner's stock is not traded on an established securities market, an independent appraiser had to value the ESOT's holdings of that

stock.  As relevant here, an "independent appraiser" means a "qualified appraiser" as defined by section 1.170A-13(c)(5)(I), Income Tax Regs.

The ESOP fails at least two requirements of that section. First, section 1.170A-13(c)(5)(i), Income Tax Regs., requires that the appraisal summary contain a declaration that the individual holds himself out to the public as an appraiser.  The appraisal letters covering the 2001 through 2003 plan years state that "The undersigned holds himself out to be an appraiser". However, there is no signature below that statement on any of the letters (there is an unsigned line for a signature with the word "appraiser" typed below).  Second, section 1.170A-13(c)(3)(ii)(F) and (5)(i)(B), Income Tax Regs., requires that the qualified appraiser who signs the appraisal must list his or her background, experience, education, and membership, if any, in professional appraisal associations.  The appraisal here is not signed, and the appraisal summary does not list the referenced information.

We conclude that the ESOT's holdings of petitioner's stock were not valued by a "qualified appraiser" and that the ESOP therefore fails the requirements of section 401(a)(28)(C) (and hence section 401(a)).  Petitioner does not assert that the substantial compliance doctrine applies.  See Bond v. Commissioner, 100 T.C. 32 (1993).

Disqualifying Reason 4:  Excess Annual Additions Allocated to Dr. Hollen

Section 401(a)(16) provides that a trust is not qualified if the plan "provides for benefits or contributions which exceed the limitations of section 415."  For the 1989 plan year, a participant's annual additions were limited to the lesser of $30,000 or 25 percent of the participant's compensation.  See sec. 415(c)(1).

The parties dispute whether respondent properly recharacterized $150,339 of the $200,000 dividend paid to the ESOP as an annual addition subject to the limitations of section 415(c).  The term "annual addition" includes employer contributions, employee contributions, and forfeitures.  See sec. 415(c)(2).  The term generally does not include a dividend on employer stock distributed to an employee stock ownership plan which uses the distributed proceeds to pay interest and principal on an employer securities acquisition loan.  See id.; see also sec. 404(a)(9).  Section 1.415-6(b), Income Tax Regs., however, recognizes that certain transfers to such a plan, although not labeled as a contribution or forfeiture, may in fact be an annual addition.  To combat such abuse, section 1.415-6(b)(2)(i), Income Tax Regs., allows the Commissioner "in an appropriate case, considering all of the facts and circumstances, [to] treat transactions between the plan and the employee or certain

allocations to participants' accounts as giving rise to annual additions." Respondent treated $150,339 of the $200,000 dividend as such an annual addition to Dr. Hollen's account.

We review that determination for abuse of discretion, and we find none. Dr. Hollen was the primary beneficiary of the $200,000 dividend distributed to the ESOT and of the ESOT's use of those proceeds to repay a like amount of the borrowings obtained to purchase the stock of petitioner. That repayment was of funds borrowed by the ESOT to buy $200,000 of common stock held by the ESOT, approximately 75 percent of which was allocated to the account of Dr. Hollen. The effect of the financing, which was proximate to the distribution, was to provide petitioner with a deduction for the principal payments on the loans, see sec. 404(a)(9)(A), without any corresponding income recognition by either petitioner or the ESOT. This in turn increased the value of the stock held by the ESOT (primarily to Dr. Hollen's benefit) by the value of the income tax savings. Given these facts, we do not believe that respondent abused his discretion when he recharacterized the $150,339 in "earnings" allocated to Dr. Hollen as an annual addition. See Steel Balls, Inc. v. Commissioner, T.C. Memo. 1995-266, affd. without published opinion 89 F.3d 841 (8th Cir. 1996).

We conclude that the ESOP failed the requirement of section 401(a)(16) for the 1989 plan year because Dr. Hollen's ESOT

account received an annual addition in excess of the limitations of section 415(c).  Because the ESOP never took any action to correct this failure, the ESOP also was not qualified in plan years after that date.  See <u>Clendenen v. Commissioner</u>, T.C. Memo. 2003-32, affd. 345 F.3d 568 (8th Cir. 2003); see also <u>Martin Fireproofing Profit-Sharing Plan & Trust v. Commissioner</u>, 92 T.C. 1173, 1184 (1989) (stating that "corrective action of the sort set forth in the regulations is a prerequisite to requalification of a trust, following a violation of section 415").  Petitioner had the opportunity to correct this failure through the CAP but chose not to do so.  We hold that the ESOP is disqualified for 1989 and for all subsequent plan years.

## Conclusion

We sustain respondent's determination that the ESOP and ESOT were disqualified for the 1987 plan year and for all plan years thereafter.[6]  We have considered all arguments made by petitioner for holdings contrary to those expressed herein and reject these arguments not discussed herein as irrelevant or without merit.

Accordingly,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[6]We uphold respondent's determination that the ESOP was disqualified for the 1987 and 1988 plan years because there is no plan document in the record for those years.