T.C. Memo. 2015-224

UNITED STATES TAX COURT

FLEMING CARDIOVASCULAR, P.A., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10776-13R.                    Filed November 23, 2015.

Mark Eldridge (an officer), for petitioner.

<u>Pamela J. Sewell</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  In this declaratory judgment proceeding under section

7476, we must determine whether respondent abused his discretion when he:

(1) issued a final revocation letter to petitioner determining that its employee stock

[*2] ownership plan was not qualified under section 401(a)[1] and that the related trust was not exempt under section 501(a) for the plan year ending on December 31, 2004, and all subsequent plan years and (2) revoked the favorable determination letter issued to the plan dated June 1, 2005.

## Background

At the time the petition was filed, petitioner's principal place of business was in Wichita, Kansas. The parties submitted this case fully stipulated under Rule 122 on the basis of the pleadings and the administrative record in accordance with Rule 217.

Dr. Robert Fleming formed petitioner on May 14, 2004. Petitioner adopted the Fleming Cardiovascular, P.A. Employee Stock Ownership Plan (ESOP) on May 28, 2004. An employee stock ownership plan is "a type of pension plan that invests primarily in the stock of the company that employs the plan participants." Fifth Third Bancorp v. Dudenhoeffer, 573 U.S. ___, ___, 134 S. Ct. 2459, 2463 (2014). In general, the earnings of such a retirement plan are exempt from income tax, and participants in the plan pay tax on their benefits only when the benefits are distributed. Secs. 402(a), 501(a). On June 1, 2005, the Internal Revenue

---

[1]All section references are to the Internal Revenue Code, as amended, and in effect for all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

**[*3]** Service (IRS) issued a favorable determination letter stating that the ESOP adopted on May 28, 2004, was qualified pursuant to section 401(a), and, as a result, the related trust was exempt from income tax pursuant to section 501(a).

Petitioner's ESOP allowed any of petitioner's employees to participate if they were at least 21 years old and had completed one "year of service", as defined by the ESOP. The Form 5300, Application for Determination for Employee Benefit Plan, represented that petitioner had two qualified employees at the time of adoption of the ESOP. Dr. Fleming allegedly began participating in the ESOP in 2004.

On August 29, 2012, the IRS mailed a letter to petitioner proposing to disqualify the ESOP. In response, petitioner submitted a protest letter which stated, in part, that "[t]here were no employees for the years 2004 through 2009 as there was a court ordered injunction against the practice for those years. In 2010, Dr. Robert Fleming was employed starting July 2010 and was over 21 years of age as of May 13, 2004." The court-ordered injunction was issued because of a violation of a five-year covenant not to compete which restricted Dr. Fleming's ability to practice medicine in the Wichita area.

Petitioner issued shares of its class B common stock to the ESOP trust on two occasions, 5 shares on December 30, 2004, and 48.06 shares on December 15,

[*4] 2005. The ESOP trust allegedly paid petitioner $50 for the 5 shares and $409,253 for the 48.06 shares. All 53.06 shares were allocated to the rollover portion of Dr. Fleming's account. In 2004 Dr. Fleming had received a $408,543 distribution from his individual retirement account. The ESOP trust did not have a bank or brokerage account.

Petitioner's ESOP also required that the net worth of the ESOP trust's assets be determined as of December 31 each year. The value of petitioner's shares of stock held by the ESOP trust was to be determined by an independent appraiser. An accounting firm prepared a valuation report for the 2006 plan year, but it did not include the required certifications establishing the independence of the appraiser. The same accounting firm also allegedly prepared a valuation report for the 2005 plan year, but a copy was not included in the administrative record. A valuation report that arguably meets the independent appraiser requirements was prepared for 2007 plan year, but valuation reports were not prepared for the 2004, 2008, 2009, and 2010 plan years.

The IRS issued a final revocation letter to petitioner on February 12, 2013, determining that the ESOP and the ESOP trust failed to qualify under sections 401(a) and 501(a), respectively, for plan years ending December 31, 2004 through 2010 because: (1) the ESOP was not operated in accordance with the terms of the

**[*5]** original plan document; (2) petitioner failed to make recurring and substantial employer contributions; and (3) a participant's annual additions exceeded the limitations prescribed by section 415. Respondent retroactively revoked the favorable determination letter that had been issued on June 1, 2005.

Petitioner filed a petition with this Court pursuant to section 7476 and Rule 210 seeking a declaratory judgment sustaining the continuing qualification of the ESOP and its trust.

## Discussion

This Court has jurisdiction to issue a declaratory judgment in actual controversies involving a retirement plan's continuing tax qualified status, subject to the limitations set forth in section 7476(b). Neither party contends that we lack jurisdiction because of the limitations set forth in section 7476(b), and we are satisfied that we have jurisdiction over the petition. See K.H. Co., LLC Emp. Stock Ownership Plan v. Commissioner, T.C. Memo. 2014-31.

Any one of the reasons cited in the final revocation letter would be sufficient alone to cause the ESOP and the ESOP trust to fail to qualify under sections 401(a) and 501(a). Failure to meet the qualification requirements of section 401(a) is considered a continuing failure that disqualifies the plan for subsequent years. Allowing the plan to requalify for later years would allow it "to

[*6] rise phoenix-like from the ashes of such disqualification and become qualified for that year." Pulver Roofing Co. v. Commissioner, 70 T.C. 1001, 1015 (1978); DNA Proventures, Inc. Emp. Stock Ownership Plan v. Commissioner, T.C. Memo. 2015-195; see also Martin Fireproofing Profit-Sharing Plan & Tr. v. Commissioner, 92 T.C. 1173, 1184-1189 (1989).

We review the Commissioner's determination for abuse of discretion. Buzzetta Constr. Corp. v. Commissioner, 92 T.C. 641, 648 (1989). Accordingly, we will not disturb the Commissioner's determination unless it was unreasonable, arbitrary, or capricious. Id. Whether the Commissioner abused his discretion is a question of fact, and "petitioner's burden of proof of abuse of discretion is greater than that of the usual preponderance of the evidence." Id.

I. Failure To Operate the Plan in Accordance With the Original Plan Document

A qualified employee benefit plan is a definite written program and arrangement. See sec. 1.401-1(a)(2), Income Tax Regs.; see also Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, sec. 402(a)(1), 88 Stat. at 875. In order for a plan to be qualified and for the associated trust to be a qualified trust, the terms of the plan's document and its actual operations must meet the requirements set forth in section 401(a). Buzzetta Constr. Corp. v. Commissioner, 92 T.C. at 646; Winger's Dep't Store, Inc. v. Commissioner, 82

**[*7]** T.C. 869, 876 (1984); <u>Michael C. Hollen, D.D.S., P.C. v. Commissioner</u>, T.C. Memo. 2011-2, <u>aff'd</u>, 437 F. App'x 525 (8th Cir. 2011); sec. 1.401-1(b)(3) Income Tax Regs.  If a plan is not operated in accordance with its terms a qualification failure, known as an "operational failure", occurs.

A.  <u>Individual Allowed To Participate in Violation of the ESOP's Terms</u>

Respondent determined that the ESOP was not operated in accordance with its terms because Dr. Fleming was allowed to participate in violation of those terms.  Dr. Fleming did not receive compensation from petitioner in 2004.  Further, he could not have satisfied the ESOP's "year of service" requirement in order to allow him to participate in the ESOP in 2004.  Petitioner has not argued or attempted to prove that Dr. Fleming satisfied the "year of service" requirement.  Respondent reasonably determined that the ESOP was not operated in accordance with its terms because of Dr. Fleming's participation.  Failure to follow the terms of the plan document is a continuing failure.  Consequently, respondent reasonably determined that the ESOP was not qualified, and the ESOP trust was not exempt, for 2004 or any subsequent plan year.

B.  <u>Failure To Use an Independent Appraiser</u>

Shares of petitioner's class B Common Stock were issued to the ESOP trust in exchange for alleged capital contributions.  The original plan document

[*8] required that the value of petitioner's stock held by the ESOP trust be determined by an "independent appraiser". An "independent appraiser" in this context is the same as a "qualified appraiser" as defined by section 1.170A-13(c)(5)(i), Income Tax Regs. Sec. 401(a)(28)(C); Michael C. Hollen, D.D.S., P.C. v. Commissioner, T.C. Memo. 2011-2. This requires that the individual include on the appraisal summary a declaration that, among other things, states: (1) the individual holds himself out to the public as an appraiser or performs appraisals on a regular basis and (2) because of the appraiser's background, experience, education, and membership in professional appraisal associations described in the appraisal, the appraiser is qualified to appraise the type of property being valued. Sec. 1.170A-13(c)(5)(i)(A) and (B), Income Tax Regs. An accounting firm prepared the ESOP's valuation report for 2006, but it did not include the information necessary to satisfy the requirements of section 401(a)(28)(C). Further, no appraisal was provided for the 2004, 2005, 2008, 2009, or 2010 plan year.

Failure to follow the terms of the plan document and have the value of the stock held by the ESOP determined by an independent appraiser each year is an operational failure. See DNA Proventures, Inc. Emp. Stock Ownership Plan v. Commissioner, T.C. Memo. 2015-195. Because failure to follow the terms of the

**[*9]** plan document is a continuing failure, respondent did not abuse his discretion in determining that the ESOP was not qualified, and the ESOP trust was not exempt, for 2004 or any subsequent plan year. See id.

II. Annual Additions in Excess of the Section 415 Limits

Section 415(c) limited annual additions to a participant's account to the lesser of $41,000 or 100% of the participant's compensation in 2004 and to the lesser of $42,000 or 100% of the participant's compensation in 2005. Annual additions exclude rollover contributions. Sec. 415(c)(2).

Dr. Fleming received no compensation from, and was not employed by, petitioner in 2004 or 2005. A total of 53.06 shares of petitioner's stock was allocated to his account in these years. Respondent determined that these contributions exceeded the section 415(c) limitation because Dr. Fleming received no compensation from petitioner in 2004 or 2005. Petitioner alleges that the amounts in Dr. Fleming's accounts were rollover contributions from Dr. Fleming's individual retirement account and should not be considered for purposes of section 415(c).

In order for a distribution to be considered a rollover contribution, the entire amount received must be paid into a qualified trust for the distributee's benefit no later than the 60th day after the day that the distribution is received. Secs.

**[*10]** 402(c)(8)(B)(iii), 408(d)(3). Petitioner has not provided evidence that a valid rollover took place. Further, because the ESOP trust did not have a bank or brokerage account from May 13, 2004, through December 31, 2009, it was not possible for the distribution from Dr. Fleming's individual retirement account to have been paid into an account held by the ESOP trust. Accordingly, the allocations to Dr. Fleming's account were not rollover contributions. This failure was not corrected.

A section 415 failure is a continuing failure that disqualifies the plan for all subsequent plan years. Martin Fireproofing Profit-Sharing Plan & Tr. v. Commissioner, 92 T.C. at 1184-1185; DNA Proventures, Inc. Emp. Stock Ownership Plan v. Commissioner, T.C. Memo. 2015-195; Michael C. Hollen, D.D.S., P.C. v. Commissioner, T.C. Memo. 2011-2, slip op. at 12-13. Respondent did not abuse his discretion in determining that the contributions to Dr. Fleming's account exceeded the limitations imposed by section 415(c).

We do not find that respondent's determination was unreasonable, arbitrary, or capricious. We hold that respondent did not abuse his discretion in determining that the ESOP was not qualified under section 401(a), and that the ESOP trust was not exempt under section 501(a), for the plan year ending on December 31, 2004, and all subsequent plan years. We further hold that it was not an abuse of

**[*11]** discretion to revoke the favorable determination letter that was issued to the ESOP on June 1, 2005.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.