# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1168

_____

DNA Pro Ventures, Inc. Employee Stock Ownership Plan

*Petitioner - Appellant*

v.

Commissioner of Internal Revenue

*Respondent - Appellee*

_____

Appeal from the United States Tax Court

_____

Submitted: December 12, 2016
Filed: May 9, 2017

_____

Before LOKEN, MURPHY, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Dr. Daniel Prohaska and his wife formed DNA Pro Ventures, Inc. ("DNA"), and established the DNA Pro Ventures, Inc. Employee Stock Ownership Plan ("ESOP") in November 2008. After an investigation, the Internal Revenue Service ("IRS") issued a Notice of Deficiency to the ESOP's Trust based on a final determination that the Trust was not part of a qualified pension, profit-sharing, or stock bonus plan under 26 U.S.C. ("I.R.C.") § 401, and therefore the Trust's income was not exempt from taxation under I.R.C. § 501(a) in calendar years 2008-2011.

The ESOP petitioned the United States Tax Court for a declaratory judgment that the ESOP was qualified under § 401(a) during the 2008-2010 tax years, and therefore the Trust was tax exempt under § 501(a). See I.R.C. § 7476(a)(1). Ruling without a trial on a stipulated fact record, see Tax Court Rule 122, the Tax Court sustained the IRS determination. The ESOP appeals. Reviewing the Tax Court's legal conclusions *de novo* and factual findings for clear error, we affirm. See Transp. Labor Contract/Leasing, Inc. v. Comm'r, 461 F.3d 1030, 1032 (8th Cir. 2006) (standard of review); I.R.C. § 7482(a)(1).

**A.** An employee stock ownership plan is a retirement plan that "invests primarily in qualifying employer securities, typically stock of the employer creating the plan." Martin v. Feilen, 965 F.2d 660, 664 (8th Cir. 1992) (quotations omitted). A trust associated with a qualified plan is exempt from taxation, I.R.C. § 501(a), and plan participants are not taxed on contributions until plan benefits are distributed, I.R.C. § 402(a). For a trust to qualify for the § 501(a) exemption, the plan must meet the requirements in I.R.C. § 401(a). A plan may be disqualified for operational failures, which occur if a plan fails to operate in accordance with § 401(a) statutory requirements, see Martin Fireproofing Profit-Sharing Plan & Tr. v. Comm'r, 92 T.C. 1173, 1179-80 (1989), or fails to follow the terms of the plan document, see Michael C. Hollen, D.D.S., P.C. v. Comm'r, T.C. Memo 2011-2, 2011 WL 13637, at *4, aff'd per curiam, 437 F. App'x 525 (8th Cir. 2011).

One statutory requirement is that an ESOP trust does not qualify for tax-exempt status if the ESOP makes annual contributions for a plan participant in excess of the lesser of either a specific dollar amount or the participant's annual compensation. I.R.C. §§ 401(a)(16), 415(c); see Van Roekel Farms, Inc. v. Comm'r, T.C. Memo. 2000-171, 2000 WL 669975, at *3, aff'd per curiam, 12 F. App'x 439 (8th Cir. 2001). If an employer transfers property other than cash for less than the property's fair market value, this constitutes an annual contribution in the amount of the property's fair market value. See Treas. Reg. § 1.415(c)-1(b)(5).

**B.** Dr. Prohaska is an orthopaedic surgeon. During the 2008-2010 tax years, he was employed by Advanced Orthopaedics, P.A., and deferred the maximum income allowable to its 401(k) retirement plan. When DNA was formed as a separate corporation in 2008, it created the ESOP and a trust fund for the benefit of its employees. On the day of incorporation, DNA issued fifty shares of Class A common stock, with a par value of $10 per share, to Dr. Prohaska and fifty shares to his wife, in exchange for $500 contributions. DNA as employer was administrator and sponsor of the ESOP. The Plan directed the Plan Trustee to determine the fair market value of the Trust Fund assets on each Valuation Date. Dr. Prohaska was the Plan Trustee.

In September 2011, the IRS informed DNA and Dr. Prohaska that it would examine whether the ESOP had adhered to qualification requirements for tax-exempt status beginning in 2008. The IRS requested documents including the ESOP's participant allocation schedules, employee census reports, and participant account statements. DNA never provided these documents. On November 13, 2012, the IRS notified DNA by certified mail that the ESOP did not meet three § 401(a) requirements and advised DNA of its right to appeal the proposed disqualification. The IRS attached an Explanation of Items that explained the three issues in detail, which an IRS agent sent to Dr. Prohaska on December 31, 2012.

The IRS issued a final non-qualification letter on June 6, 2014, explaining that the ESOP was disqualified (i) for two failures to comply with the terms of its plan document, and (ii) for failure to comply with I.R.C. § 415 by making contributions to Dr. and Mrs. Prohaska in 2008 that substantially exceeded their compensation.

**C.** Deciding the case on a stipulated record that included the IRS Explanation of Items, the Tax Court concluded that the IRS did not abuse its discretion in disqualifying the ESOP because (1) it exceeded the I.R.C. § 415 contribution limit by allocating class B shares to Dr. Prohaska's ESOP account in 2008, a year when he received no compensation from DNA; and (2) violated its plan document by failing

to have the value of DNA stock annually appraised in 2008 and later years. Either ground is a sufficient basis to uphold the Commissioner's decision to disqualify the ESOP, which denies the Trust tax-exempt status. Although the ESOP challenges both grounds on appeal, we will limit our review to the violation of the I.R.C. § 415 contribution limitation in 2008. "As the party challenging the Commissioner's determination, the taxpayer ha[s] the burden of proof." Howard E. Clendenen, Inc. v. Comm'r, 207 F.3d 1071, 1073 (8th Cir. 2000).

**D.** In upholding the ESOP's disqualification for exceeding the I.R.C. § 415 contribution limit, the Tax Court found that DNA issued 1,150 shares of its class B common stock to the Trust and the shares were allocated to Dr. Prohaska's ESOP account in 2008. The shares had a par value of $10 per share, so the allocation of this stock to his ESOP account was an employer contribution. As Dr. Prohaska received no compensation as an officer or employee of DNA that year, the limit on Dr. Prohaska's "annual addition" was exceeded in 2008. See I.R.C. § 415(c)(1), (2); Treas. Reg. § 1.415(c)-1(b)(5).

On appeal, the ESOP argues the Tax Court erred in upholding disqualification for a violation of the § 415 contribution limit because "the Court got the facts wrong." The ESOP explains that it purchased the shares from DNA on the day of its incorporation with a loan. Nothing in the record shows a contribution by Dr. Prohaska to the ESOP or an allocation to his ESOP account in the Trust in 2008. In fact, the ESOP repaid the loan and allocated the shares to Dr. Prohaska in 2009. In support of these assertions, the ESOP cites documents included in its Appendix that were not part of the parties' stipulated administrative record in the Tax Court. Therefore, these documents are not part of the record we may consider on appeal to this court. See Anuforo v. Comm'r, 614 F.3d 799, 807 (8th Cir. 2010).

The ESOP cites nothing in the stipulated Tax Court record supporting its contention that the ESOP acquired the class-B shares it contributed to the Trust with

a loan, and that the contribution was not allocated to Dr. Prohaska's ESOP account in 2008. To the contrary, the stipulated record includes the IRS November 2012 Explanation of Items, which as to this issue stated:

> Stock certificate B-1 shows 1,150 shares of Class B common stock were issued to the ESOP on December 31, 2008. The books of the DNA reflect that the shares were valued at $10.00 per share. The total value of DNA stock is reported to be $11,500. Daniel Prohaska was the sole employee of DNA in 2008 but received no compensation in 2008. All 1,150 shares of stock were allocated to his account in 2008. His IRC section 415 annual additions in 2008 are equal to $11,500. His IRC section 415 limit in 2008 is $0.

> \* \* \* \* \*

> The ESOP is not a leveraged ESOP as there was no exempt loan issued.

The ESOP filed its petition to the Tax Court in September 2014, and the Tax Court issued its decision on a stipulated record in October 2015. At no time did the ESOP submit evidence to the Tax Court refuting the above-quoted facts in the Explanation of Items. Nor did the ESOP seek to have those facts determined in the Tax Court by an evidentiary hearing or trial. The ESOP was the party in control of the relevant documents, and it had failed to submit those documents in response to the IRS's request at the start of its investigation. In these circumstances, the Tax Court did not clearly err in basing its findings of fact on the IRS's uncontested Explanation of Items. Those facts established that DNA's 2008 contribution to Dr. Prohaska's ESOP account substantially exceeded the § 415 contribution limit for that year. Thus, the ESOP was not a § 401(a) qualified plan. See I.R.C. § 401(a)(16).

"[W]hen a plan is disqualified under section 415, the disqualification continues until remedial action is taken." Clendenen v. Comm'r, T.C. Memo 2003-32, 2003 WL 299032, at \*4, aff'd, 345 F.3d 568 (8th Cir. 2003); see Martin Fireproofing, 92

-5-

T.C. at 1184-89.  Here, there is no evidence DNA or the ESOP took corrective action. Cf. Hull v. I.R.S., 656 F.3d 1174, 1184 (10th Cir. 2011).  Accordingly, the Commissioner did not abuse his discretion in disqualifying the ESOP for 2008 and the subsequent plan years in question.

The decision of the Tax Court is affirmed.

_____